[Civ. No. 7508. Second Appellate District, Division One.—January 31, 1933.]

MATTIE DEAN HUTCHINSON, Appellant, v. EDITH P. TAYLOR, Respondent.

Hill, Morgan & Bledsoe, Benjamin F. Bledsoe and W. M. Farrer for Appellant.

Hanna & Morton for Respondent.

CONREY, P. J.—In this action the plaintiff seeks to recover damages for wrongs committed by the defendant which were injurious to the rights of the plaintiff as wife of one Samuel S. Hutchinson, to whom plaintiff was married in the year 1893. The complaint alleged that until October, 1927, Hutchinson was deeply attached to the plaintiff, and they lived happily together ''and but for the wrongful and malicious acts of the defendant heretofore set forth would have continued so to live together''; that during a long period of time, both subsequent and prior to September, 1927, the defendant wrongfully and maliciously, etc., sought to prejudice Hutchinson against the plaintiff, and by subtle contrivances, etc., gained his affections; that on or about October 1, 1927, the defendant wilfully, etc., enticed away the said Hutchinson from the plaintiff and persuaded him to leave the plaintiff and go to live surreptitiously with the defendant as her husband. The circumstances and consequences of said acts are set forth in much detail in the complaint. Upon the issues raised by the complaint and amended answer the case went to trial before a jury. The verdict was in favor of the defendant, with judgment accordingly. The plaintiff appeals from the judgment.

The appeal is presented on the judgment-roll and a bill of exceptions. In substance, the bill of exceptions contains only three things, viz., part of an opening statement made by defendant's counsel; certain instructions given by the court to the jury; and certain instructions requested by the plaintiff and refused by the court. The assignments of error relate solely to instructions given and the refusal of others. It is claimed by appellant that the facts which, by not denying in her answer, are admitted by the defendant, and the admissions made by her counsel in said statement to the jury, left the case in a condition which entitled the plaintiff to have the jury instructed in accordance with plaintiff's requested instructions and not upon the theory declared by the court in the instructions which it did give to the jury;

and that, at all events, the plaintiff was entitled to at least nominal damages. For these reasons it is claimed that the judgment should be reversed.

According to the above-mentioned statement of defendant's counsel to the jury, the intimacy between S. S. Hutchinson and the defendant began in the year 1912, and it was not until after July, 1914, when a child was born to them, that the defendant first learned that he was a married man. Nevertheless the intimate relations between defendant and said Hutchinson continued from time to time so that in the year 1919 a second child was born to them. In the year 1925 Hutchinson came to California, and soon thereafter induced the defendant to join him there, and they continued to live together as husband and wife in the state of California during a large part of the time until the time of commencement of this action. These admissions of fact made by defendant's counsel were intermingled with statements that the defendant expected to prove that after defendant learned that Hutchinson was a married man he led her to believe that his relations with his wife were not cordial or intimate; and further would show that during the period of time of defendant's association with said Hutchinson there was no affection between him and the plaintiff; and that the defendant never enticed said Hutchinson from the plaintiff, never induced him to leave the plaintiff, or to associate with the defendant; and that in all of her contacts with the defendant said Hutchinson was the one who wooed the defendant and was the aggressor in originating and maintaining the relations that existed between them.

In view of the fact that the plaintiff has not brought into the bill of exceptions any of the evidence actually produced before the jury, we must assume that the evidence fully established the facts last above mentioned, including the fact that the defendant did not entice Hutchinson from the plaintiff or induce him to leave her or to associate with the defendant, and that in all respects Hutchinson was the "aggressor" in respect to his said relations with the defendant.

The grounds of appeal and the questions of law involved therein are sufficiently indicated in the statement of points contained in the opening brief of appellant, that is

to say, that the court erred in its instructions to the jury by failing to recognize that the pleadings and proof in this action entitled the appellant to recovery as for criminal conversation, and that the court erred in refusing to instruct the jury in accordance with that theory. In other words, it is the claim of the plaintiff, and was so indicated in the requested instructions, that when the defendant once admitted that she had improper sexual intercourse with the plaintiff's husband, that fact alone was sufficient to establish the plaintiff's right to an action for damages "regardless of which party is the seducer".

It will thus be seen that although the cause of action pleaded in plaintiff's complaint is complete as a statement of a cause of action for alienation of affections, the plaintiff is now contending that the facts alleged constitute a cause of action for "criminal conversation" between the defendant and the plaintiff's husband, whereby the plaintiff was injured. Appellant directs attention to the code division of injuries, as injuries to property and injuries to the person, and claims that the cause of action upon which she relies is for injury to her person. In this she relies upon section 370 of the Code of Civil Procedure, wherein it is provided that a married woman may sue without her husband being joined as a party in all actions, "including those for injury to her person, libel, slander, false imprisonment, or malicious prosecution, . . . " Reference is made also to section 155 of the Civil Code as follows: "Husband and wife contract towards each other obligations of mutual respect, fidelity and support."

In the plaintiff's complaint the theory indicated is that of an action for wrongful alienation of affections. No reference is made therein to the birth of children above mentioned, or to any criminal conversation between the defendant and the husband other than by the inference which arises by the statement that defendant maliciously induced the said Samuel S. Hutchinson to live with her as her husband, wrongfully intending to injure the plaintiff, etc. The claim for damages set forth in the complaint reads as follows: "That by reason of the premises the said Samuel S. Hutchinson has become estranged from the plaintiff and his affections and regard for the plaintiff have been destroyed and plaintiff has been and still is wrongfully de-

prived of her said husband's aid, support, protection, fellowship, comfort, company, society and the happiness she otherwise would have received from his hands and has suffered great humiliation, dishonor, disgrace and distress of mind, body and estate, to her damage in the sum of $300,000.00.'' In the absence from the record of the evidence produced by plaintiff at the trial or of the proceedings therein other than those above mentioned, it is by no means certain that the case was tried upon the theory of a claim for damages on account of criminal conversation. If the case was tried along the lines indicated in the complaint, the case presented would have been that of a claim resting upon alleged alienation of affections. In another action where the complaint was substantially similar to that of the plaintiff here, this court said: ''It is contended by appellant that the action is one for criminal conversation and that alienation of affections is but incidental thereto. However, the quoted portion of the complaint, which is the only portion thereof setting forth the amount of damages sustained, or an estimate of the damage sustained by plaintiff, does not refer to the criminal conversation as an element of financial detriment.'' (*Harp* v. *Ferrell,* 115 Cal. App. 160 [300 Pac. 978].) The comment thus made is applicable to the present case, and we think that the cause of action may properly be construed as solely a cause of action for alienation of affections. Based upon this construction of the complaint, and the incomplete record of proceedings at the trial, we are of the opinion that appellant has failed to show that any prejudicial error was committed by the court, or that there is any sufficient reason for reversal of the judgment.

The judgment is affirmed.

Houser, J., and York, J., concurred.