## SANO PETROLEUM CORPORATION v. SHELL OIL CO., Inc.
### Civil Action No. 2871.

District Court, E. D. New York.
May 15, 1944.

See also 3 F.R.D. 181.

Silberman & Steinfeld, of Brooklyn, N. Y. (M. Edward Katz, of Brooklyn, N. Y., of counsel), for plaintiff.

Louis F. Huttenlocher, of New York City, for defendant.

BYERS, District Judge.

Motion to compel the attorney for the defendant to appear and submit to examination at the instance of the plaintiff as to certain matters concerning which it is to be presumed that discovery from the defendant itself would be appropriate.

It is shown in the motion papers that defendant's attorney has appeared pursuant to the notice, but has declined to be sworn or to testify, because he has no first-hand knowledge of the facts relied upon to sustain the pertinent allegations answer, and because he has learned ain persons presumably to be called esses, in his capacity as attorney defendant in preparing the case for

As to the latter, it must be obvious that what a lawyer learns from his client, in the course of preparing a case for trial, is privileged. The opposing affidavit recites that the answer was prepared after consultations with the officers and employees of his client, and then served. Presumably it was also filed.

In preparing his case for trial, he has consulted other persons not employed by the defendant, who told him that they had personal knowledge of the unfair competitive practices attributed to the plaintiff, in the said answer.

The precise question then is whether that which has been so imparted to him falls within Rule 26(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c: "Scope of Examination. Unless otherwise ordered * * * the deponent may be examined regarding any matter, not privileged, which is relevant * * *."

If the plaintiff's contention is understood, it is that the lawyer's privilege stops short at what his client tells him, and does not extend to whatever, by the exercise of his talents, he may learn in the effort to ascertain whether his client's assertions are true. The plaintiff cites no authority for that distinction, and it seems to me that the burden of demonstration ought to have been assumed, or the assertion abandoned.

If a lawyer is to be subjected to the searching probe of discovery at the instance of his client's adversary, he will indeed be in a dilemma: If he prepares his case thoroughly, his labors will thus be made to redound to the benefit of the other side; if he fails to do so, in order to avoid furnishing ammunition to be used against his client, the latter's cause will suffer through apparent inattention and neglect.

I cannot believe that any such purpose is either revealed or concealed in the language of the subdivision from which the foregoing quotation is taken, even though words touching "the identity and location of persons having knowledge of relevant facts" bring the paragraph to a close. They must be held to be subject to the restriction in the opening sentence above-quoted, which in terms guards privileged matter.

It ought to be equally clear that this attorney has no knowledge of his own

on the subject-matter of the desired deposition.

In Engl v. Ætna Life Ins. Co., 2 Cir., 139 F.2d 469, at page 472, reference is made to the "quoted language (see above) recognizing existing common-law and statutory privileges as to confidential communications".

I am authorized to state that Judge Inch has examined the foregoing and does not deem it to be inconsistent with his statement to counsel in open court, as he recalls it, in connection with a motion to require defendant's attorney to disclose the names of certain officers, directors, etc., of the defendant company.

Motion denied. Settle order.