### BAKER v. YELLOW CAB CO. OF MISSOURI.

No. 6887.

United States District Court
W. D. Missouri, W. D.

Aug. 31, 1951.

Terte, Levi, Rosenwald, Wasserstrom & Levitt, Kansas City, Mo., for plaintiff.

Rogers, Field & Gentry, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

The complaint alleges that Allan H. Baker, while walking on the streets of Kansas City, Missouri, was struck by one of the defendant's taxicabs and received injuries from which he died. Plaintiff has propounded interrogatories to the defendant requesting names and addresses of witnesses to the accident and names and addresses of any persons who examined the defendant's taxicab subsequent to the accident. These interrogatories are objected to for the reason that they "call for hearsay, conclusions and constitute an attempt of the plaintiff to invade the investigative file of this defendant, and said interrogatory does not call for material and relevant matters." Interrogatory No. 23 asks for the name and address of any person who examined the vehicle on behalf of the manufacturer thereof, and is further objected to because it "calls for information which is hearsay and not binding on this defendant and calls for information obviously not within the direct knowledge or control of this defendant."

1. The scope of examination under Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A., is the same as that set out under Rule 26(b). As amended on December 27, 1946, effective March 19, 1948, 26(b) includes the following language: "* * * It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

In Hickman v. Taylor, 329 U.S. 495, loc. cit. 507, 67 S.Ct. 385, 392, 91 L.Ed. 451, the court said: "* * * either party may compel the other to disgorge whatever facts he has in his possession."

2. It is not contemplated that defendant or its attorneys should reveal the results of their investigations or any opinions or conclusions they may have reached. Neither is a party required to answer interrogatories calling for speculation. These interrogatories merely ask for names and addresses of persons who are known to the defendant, and plaintiff is entitled to th information. Pacific Intermountain Express Co. v. Union Pacific R. Co., D.C., 10 F.R.D. 61; Shank v. Associated Transport Inc., et al., D.C., 10 F.R.D. 472.

Accordingly defendant's objections should be overruled and it will be so ordered.