ARLINGTON P. BULLOCK, Plaintiff, v. HARRY MAAG, Defendant.

*(December* 30, 1952.)

HERRMANN, J., sitting.

*James R. Morford* (of Morford, Bennethum, Marvel and Cooch) and *Ernest V. Keith* for plaintiff.

*H. Albert Young* and *Henry van der Goes* (of Young and Wood) for defendant.

Superior Court for New Castle County, No. 553, Civil Action, 1952.

HERRMANN, J.:

The complaint in this case alleges:

"On or about May 10, 1952 and on divers other days and dates both prior and subsequent thereto, in the City of Dover, Kent County and State of Delaware, the defendant wrongfully, wickedly, wantonly and maliciously debauched and carnally knew Ann Marie Bullock, then being the wife of plaintiff, with the intention thereby to injure the plaintiff and to deprive him of the comfort, fellowship, society, aid and assistance of his said wife, and thereby did alienate, wean away and wholly destroy the affections of the said Ann Marie Bullock for the plaintiff, her said husband; whereby the plaintiff has wholly and irrevocably lost and been deprived of the comfort, fellowship, society, aid and assistance of his said wife.

"Wherefore, plaintiff demands judgment against the defendant for One Hundred Thousand Dollars ($100,000) compensatory damages and One Hundred Thousand Dollars ($100,000) punitive or exemplary damages, plus costs of suit."

The defendant moves to dismiss the complaint on the ground that a "cause of action based upon alleged criminal conversations has been improperly joined with a cause of action based upon alienation of affection." Assuming for the purpose of this motion that there is such joinder, it is not improper. It is recognized that criminal conversation and alienation of affections are two distinct torts and that separate actions or counts are required in some jurisdictions. See 42 *C. J. S., Husband and Wife*, § 607, *p.* 320; 27 *Am. Jur. p.* 173; *Darnell v. McNichols,* 22 *Tenn. App.* 287, 122 *S. W.* 2d 808; *Hutchinson v. Taylor,* 129 *Cal. App.* 369, 18 *P.* 2d 722. Under Rule 8(e)(2) of this Court[1], however, a plaintiff may set forth alternative claims or legal

---

[1]Rule 8(e)(2) provides:

"A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has regardless of consistency. * * *"

theories in the same count of his complaint and, under Rule 18, the plaintiff is entitled to join in his complaint, alternately, as many claims as he may have against the defendant. The motion to dismiss the complaint for misjoinder is without merit and will be denied.

The defendant moves to dismiss the complaint, or in the alternative, requests a more definite statement, upon the ground that the complaint is so vague and ambiguous that he is unable to frame a responsive pleading to it. In support of this motion, the defendant assigns three reasons:

1. The defendant asserts that the plaintiff "fails to set forth with any certainty or clarity the nature and cause of his action, namely, whether it is based upon criminal conversation or alienation of affection."

As has been indicated, the complaint could be considered to be proper if, in one count, it asserted claims based upon both criminal conversation and alienation of affection. I agree with the plaintiff, however, that the complaint clearly identifies the action as one based upon criminal conversation. The complaint contains the three elements usually found in a tort case. (a) The wrongful act: i. e., adultery; (b) the injurious consequences: i.e., loss of affections; and (c) the demand for relief: i.e., judgment for money. It seems quite clear that the gravamen of the action is the adultery and that the alienation of affections thereby resulting is matter of aggravation of damages.

2. The defendant asserts that the complaint lacks certainty and clarity because it does not state: (a) the acts and dates of alienation; (b) the manner in which the plaintiff has been deprived of the aid and assistance of his wife; or (c) the manner in which the defendant induced the criminal conversations and alienation.

If the complaint contained these facts it would no longer be a "short and plain statement of the claim" as is required by Rule 8(a). It would become prolix with allegations of evidence.

The plaintiff will not be required to plead evidentiary facts and the defendant must exercise his rights under the discovery Rules in order to ascertain such of these facts as he may be entitled to obtain from the plaintiff. This ruling is not in conflict with *Weiner v. Markel*, 8 *Terry* 449, 92 *A.* 2d 706. In that case, the action was for alienation of affections and criminal conversation was not averred. The complaint did not contain the dates of the acts complained of and the Court required the plaintiff to furnish a more definite statement as to such dates. In the instant case, the wrongful acts are the alleged criminal conversations. The defendant is entitled to have set forth in the complaint the dates of the wrongful acts but not the dates of the consequences thereof.

3. The defendant asserts that the complaint is defective in that it "fails to state the dates or places [of adultery] prior to May 10, 1952, as being within the period of the Statute of Limitations."

The defendant here attacks the manner in which the plaintiff has used the continuando in alleging adultery "on or about May 10, 1952, and on divers other dates both prior and subsequent thereto." The use of the continuando is proper in a case of this kind to allege the commission of a wrong on a certain date and repetition at other times between that date and the date of the commencement of the action. *Sharp v. Hayes*, 4 *Terry* (43 *Del.*) 493, 50 *A.* 2d 412. I think, however, that the "open end" form of continuando, adopted by the plaintiff in this case, is objectionable for vagueness under Rule 12(e)[2]. The function of a complaint is to give to the defendant fair notice of the claim which is being asserted against him. *Pfeifer v. Johnson Motor Lines*, 8 *Terry* 191, 98 *A.* 2d 154. That function is not fulfilled in a case of this kind unless the complaint fur-

---

[2]Rule 12(e) provides:

"Motion For More Definite Statement. If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. * * *"

nishes the date or the approximate date of the wrong asserted. In the instant case, the defendant has not received fair notice of the claim asserted, such as will enable him to file a responsive pleading, because he does not know from the complaint whether he is charged with the commission of acts of adultery a week, a month, a year or several years prior to May 10, 1952. For that reason, it is held that the complaint is too vague to require the defendant to frame a responsive pleading.

Accordingly, pursuant to Rule 12(e), the plaintiff will be required to furnish a more definite statement as to the dates of acts of adultery which are alleged to have occurred prior to May 10, 1952. The motion to dismiss the complaint, and the motion for a more definite statement as to the other deficiencies asserted, will be denied.

There remains for consideration the defendant's motion, made pursuant to Rule 37(a), to require the plaintiff to answer certain interrogatories more fully.

The interrogatories propounded by the defendant to the plaintiff under Rule 33 and the answers thereto are as follows:

Interrogatory No. 1:

"Give the names and addresses of persons who have been interviewed or from whom statements have been procured, by you or on your behalf, in regard to the facts alleged in the complaint."

Answer:

"I have not interviewed any persons nor have I procured statements from any persons in regard to the facts alleged in the complaint. I have no knowledge nor information as to the names and addresses of persons who may have been interviewed or from whom statements have been procured on my behalf by my attorneys, Ernest V. Keith, Esq., Dover, Delaware, and James R. Morford, Esq., Delaware Trust Building, Wilmington, Delaware."

Interrogatory No. 2:

"Give the names and addresses of the persons who have knowledge of the facts alleged in the complaint."

Answer:

"The defendant Harry Maag, Ann Marie Bullock, my former wife; and other persons whose names and addresses are known to my attorneys (named in answer to question No. 1) but not to me."

Interrogatory No. 3: ·

"Give the names and addresses of persons who, in your behalf, have made investigation of the facts alleged in the complaint or in preparation for the trial of this action."

Answer:

"My attorneys, whose names and addresses appear in answer to question No. 1, and persons employed by them whose names and addresses are unknown to me."

The plaintiff claims privilege and contends that he should not be required to furnish any of the required information which is in the possession of his attorneys, having been procured by them for use in pending or impending litigation.

 The plaintiff's contention is sustained as to Interrogatory No. 3. That type of interrogatory was ruled to be objectionable upon a claim of privilege in *Winter v. Pennsylvania R. Co.*, 6 *Terry* 108, 68 *A*. 2d 513, 516.

As to Interrogatories Nos. 1 and 2, however, the plaintiff's position is untenable. If the plaintiff's contention were accepted, the cloak of privilege would be spread widely enough to smother Rule 33. These interrogatories are within the scope of Rule 33 and the subject matter is not privileged. See *Winter v. Pennsylvania R. Co.*, *supra*. If the plaintiff does not have the information requested in Interrogatories Nos. 1 and 2, he will be obliged to obtain the data from his attorneys and to furnish it to the

defendant. Obviously, a party may not be permitted to avoid answering interrogatories, otherwise unobjectionable, merely because the information sought is in the possession of his attorney. See *Hickman v. Taylor,* 329 *U. S.* 495, 67 *S. Ct.* 385, 390, 91 *L. Ed.* 451; 4 *Moore's Fed. Pract.* (2d Ed.) *p.* 2334.

Relief under Rule 37(a) will be granted as to Interrogatories Nos. 1 and 2 and denied as to Interrogatory No. 3.