Joan J. **WALCZAK**

v.

**DETROIT–PITTSBURGH MOTOR FREIGHT, Inc.**

No. 2033.

United States District Court
N. D. Indiana, South Bend Division.
April 17, 1956.

Benjamin Piser, South Bend, Ind., for plaintiff.

Roland Obenchain, Jr., South Bend, Ind., for defendant.

PARKINSON, District Judge.

This is an action in damages for personal injuries arising out of a collision which occurred on October 13, 1955. The complaint was filed in this court on January 5, 1956, and the issues were closed on February 7, 1956, by answer filed by the defendant requiring no responsive pleading.

The cause was included in the written call under Rule 14 of the Rules of this

court for the March Session, and on March 10, 1956, counsel for the plaintiff made written request for trial setting as follows:

"The case of Joan J. Walczak v. Detroit-Pittsburgh Motor Freight, Inc., Civil No. 2033, we request be set for trial to a jury during the week commencing April 15, 1956. This case should take four days. We are particularly anxious to have this case tried this term of court owing to the fact that the plaintiff is now a hopeless cripple and expenses for her and her family are accumulating at a rapid pace. We ask that this particular case be given priority, if necessary, over any of the other cases which we have pending in the Court."

Pursuant to this request, this cause was placed on the trial calendar for trial by jury on April 16, 1956.

On April 9, 1956, counsel for the plaintiff served notice on Roland Obenchain, Jr., counsel for the defendant, to take his deposition on April 12, 1956 at 6:00 P.M. at the office of counsel for the plaintiff.

Trial of the cause is now in progress and prior to impaneling the jury, counsel for plaintiff called to the attention of the court that counsel for the defendant refused to reveal the names of witnesses, claiming privilege, with the request that he be ordered by the court so to do.

The core question is mirrored by the following questions and answers in the deposition:

"Q. You are Roland Obenchain, Jr.? A. Yes.

"Q. You are the attorney for Detroit-Pittsburgh Motor Freight, Inc., in the action pending in the United States District Court? A. Yes. My appearance appears of record.

"Q. Do you have knowledge of the identity and locations of any person having knowledge of relevant facts pertaining to the collision which occurred on October 13, 1955, about 11:50 p. m. on Indiana Route 2, about 4 miles west of South Bend, involving an automobile driven by Stanley Walczak and a truck driven by Forrest Konoff? A. Yes.

"Q. Would you state the names and locations as known to you of the individuals having that knowledge? A. No. I refuse to answer on the ground that it calls for privileged communication between my client and me; for the further reason that it does not appear that any showing has been made of any necessity for me to divulge that information under Federal Rules of Civil Procedure [28 U.S.C.A.] pertaining to discovery."

The court denied the request and announced its reasons therefor from the bench that Rule 26 (b) of the Federal Rules of Civil Procedure provides that the deponent may be examined regarding any matter, not privileged, including the identity and location of persons having knowledge of relevant facts. Therefore, if a person knows the identity and location of a person who has knowledge of relevant facts, he may be required to reveal the identity and location of such person, unless privileged.

This court is of the opinion that the attorney of one of the litigating parties may refuse to reveal the names of witnesses communicated to him by his client or learned by him in the course of preparation for trial, as privileged. To hold otherwise would be to abort the law of communications between attorney and client being privileged and to place every attorney in the inane position of either failing to properly prepare his client's case for trial in order to avoid discovery by opposing counsel, and thereby cause the interests of his client to suffer from apparent inattention or neglect, or preparing his case thoroughly, and as a result of his industry, by discovery deposition, be compelled to furnish opposing counsel with the products of his labor with little effort being expended by opposing counsel in the preparation of the case for his client.

Counsel for both parties have the same sources of information and the same legal devices for tapping those sources. If one of the party's attorneys makes an exhaustive investigation and utilizes all of the devices of discovery, the other party's attorney should do likewise, not wait until his adversary has done so and then take his deposition and make him divulge the information secured as the result of his industry, with no effort on his part.

It is the opinion of this Court that the information sought by the deposition is privileged and therefore not subject to revelation. The request must be denied, and

It is so ordered.