Ronald WYCOFF, a minor, by his father and next friend, William D. Wycoff, Plaintiff,

v.

Brownie T. NICHOLS and Lucille Nichols, Defendants.

Civ. A. No. 1748.

United States District Court
W. D. Missouri,
Southwestern Division.

Feb. 13, 1963.

See also 32 F.R.D. 369.

---

Houts, James, Randall, Hogsett & McCanse, by Dwight L. Larison, Kansas City, Mo., Russell Shultz, Wichita, Kan., for plaintiff.

Seiler, Blanchard & Van Fleet, by Karl Blanchard, Joplin, Mo., for defendants.

BECKER, District Judge.

This suit for damages for personal injuries is brought on behalf of a minor who claims to have sustained severe personal injuries while diving at swimming facilities maintained in connection with a resort catering to the public which is operated by the defendants. Plaintiff now moves to compel answer to Interrogatory No. 1 and to compel answers to Interrogatories No. 6, 7, and 8, or, in the alternative, to strike the allegations of contributory negligence from the defendants' answer.

Interrogatory No. 1 propounded by the plaintiff is as follows:

"1. Please state the name and last known address of all persons known by you to have witnessed the casualty referred to in plaintiff's complaint."

In answer to Interrogatory No. 1, the defendants stated that they did not know who actually witnessed the casualty referred to in the plaintiff's complaint, but that several of the persons listed in answer to Interrogatory No. 2 indicated that they had some knowledge of what occurred.

Interrogatory No. 2 of plaintiff, which is indirectly concerned, reads as follows:

"2. Please state the names and last known addresses of all persons known by you to have been present on your premises or in Elk River immediately adjacent to your premises on the date of the casualty mentioned in plaintiff's complaint."

In answer to Interrogatory No. 2, defendants listed the names and addresses of 16 persons residing in four states, who were guests at the resort at the time of plaintiff's injury. The plaintiff urges that "In all fairness plaintiff feels that defendants should be required to specify those individuals who indicated knowledge of the occurrence rather than being permitted to give a large list of names and require plaintiff to interview all of them to ascertain that which defendant by his own admission already knows." The difficulty is that the plaintiff included in Interrogatory No. 1 the phrase "known to you," which is reasonably subject to the interpretation that it seeks only the personal knowledge of the defendants. Therefore the answer to Interrogatory No. 1 as phrased is sufficient and the motion will be overruled in this respect.

However, in order to facilitate the completion of discovery in this cause, the attention of the plaintiff and of the defendants is invited to the provisions of Rule 33 of the Federal Rules of Civil Procedure incorporating the scope of discovery provided by Rule 26(b). Rule 26(b) specifically provides that the scope of discovery includes inquiry concerning "the identity and location of persons having knowledge of relevant facts." If the inquiry is made in the language of the rule, simply, and without reference

**372**

to any personal knowledge of the opposite party, all information available to the interrogated party must be supplied. This includes information possessed by, or within the knowledge of, the party's attorney, investigators employed by or on behalf of the party, the party's insurer, and agents or representatives of the party. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, 1 c. 459; 4 Moore, Federal Practice l. 3326, pp. 2330–34. If an appropriate interrogatory is propounded, the defendants will be required to give the information available to them, if any, through their attorney, investigators employed by them or on their behalf, their insurer or other agent or representatives, whether personally known to the defendants or not.

The remaining Interrogatories 6, 7, and 8 were not originally answered. These interrogatories requested the defendants to state in writing the facts and specifications relating to the contributory negligence of the plaintiff relied upon by the defendants. The defendants originally failed to answer these interrogatories stating that they could not be answered until depositions previously taken had been transcribed. Whether this original answer was proper need not now be determined because ten days after the filing of the motion to compel answers to interrogatories, the defendants filed supplemental answers to interrogatories supplying the facts and specifications relating to contributory negligence upon which it relied. In this condition of the record, plaintiff's motion to compel answers to Interrogatories 6, 7, and 8 will be considered moot and the defendants will be granted leave to file the supplemental answers.

For the reasons given, it is

Ordered that the defendants be, and they are hereby, granted leave to file supplemental answers to the interrogatories propounded by the plaintiff. It is further

Ordered that the motion to compel answers to interrogatories, or, in the alternative, to strike defendants' allegations of contributory negligence, be, and the same is hereby, overruled.