**STATE of Missouri ex rel. PETE RHODES SUPPLY COMPANY, a Corporation, Relator,**

v.

**Honorable Joe C. CRAIN, Judge of the Circuit Court of Christian County, Missouri, Respondent.**

No. 50028.

Supreme Court of Missouri,

En Banc.

Dec. 9, 1963.

Allen, Woolsey & Fisher, Russell G. Clark, Springfield, for petitioner.

Neale, Newman, Bradshaw, Freeman & Neale, Warren S. Stafford, Jerry L. Redfern, Springfield, for respondent.

HOLLINGSWORTH, Judge.

This is a proceeding in mandamus. It arises out of the refusal of respondent, Judge of the Circuit Court of Christian County, to require the plaintiff in an action for damages for wrongful death pending in that court, entitled "Audrey F. Merideth, Plaintiff, v. Pete Rhodes Supply Company, a Corporation, Defendant," to make discovery to the extent of a pretrial interrogatory propounded in writing to her by defendant

in said action, under this court's Civil Rules 56.01 and 57.01, V.A.M.R.

The interrogatory so propounded was: "Do you or your attorneys know the names of any witnesses to this accident? If so, what are the names and addresses of the witnesses?", to which plaintiff answered in writing: "I do not know the names of any persons who witnessed the accident. I do not know if my attorneys have located any witness or witnesses to the accident during their investigation of the case. I have heard of several people who were present at the scene of the accident, including the Highway Patrol and Sheriff of Christian County."

Defendant in said action then filed its motion to require plaintiff to make her answer more definite and certain by making complete answer to the question. That motion was denied on grounds, as stated in the return herein filed by respondent, "that the names of witnesses to an automobile accident which are discovered by an attorney during the attorney's investigation of the cause for the client and known solely to the attorney are not subject to discovery by an interrogatory directed to the attorney's client because the identity and names of such witnesses are privileged matter and constitute 'work product.' "

Thereafter, defendant in said action sought mandamus in the Springfield Court of Appeals. That court summarily denied the writ, following which defendant, as relator (and hereinafter so designated), filed the instant proceeding in this court, jurisdiction of which is vested in this court under Art. V, § 4, of the Constitution of Missouri, 4 RSMo 1959 p. 4822, V.A.M.S. Our alternative writ issued. Respondent's return to the alternative writ and relator's reply to the return were duly filed, this cause was briefed by both parties and in due course orally argued and submitted.

The action out of which this proceeding arises was brought by Mrs. Audrey F. Merideth to recover damages from relator in the sum of $25,000 for the wrongful death of her husband, Leonard Kermitt Merideth, allegedly caused by and resulting from the collision of a southbound motor vehicle operated by the latter upon a public highway in Christian County and a northbound motor vehicle operated by an agent or servant of relator in the course of his employment. The petition alleged that the collision was directly caused by negligence of the operator of relator's vehicle in seven alleged respects.

Prior to adoption of S.Ct. Rules 56.01 and 57.01, pretrial right of discovery by means of written interrogatories was governed by statute, § 510.020, R.S.Mo 1959, V.A.M.S. Under the provisions of that statute we had deemed it necessary to hold: "It seems clear from the foregoing cases, that the names of witnesses to an accident which are in the possession of one of the parties to a suit may not be obtained by the other party either by interrogatories or by deposition, except in so far as the party called upon to produce or state the names has personal knowledge that the named persons were witnesses to, or were present at the scene of, and at the time of, the casualty. It must follow that, the names of purported eyewitnesses to an accident may not be obtained by a party (to a suit involving that accident) from a third person, where the third person's knowledge as to whether the named witnesses were in fact witnesses to the casualty is based upon hearsay." Johnson v. Cox (1953), Mo., 262 S.W.2d 13, 17. And, in one of the cases therein cited, State ex rel. Williams v. Buzard (1945), 354 Mo. 719, 190 S.W.2d 907, on motion for rehearing, we had stated, loc. cit. 912: "The spirit of the new (legislative) code is to allow essential information, admissible in evidence, to be obtained by the less expensive method of interrogatories whenever that is reasonable and proper." Numerous other cases not here necessary to cite held to the same general effect.

Those cases, correctly decided under the discovery provisions of the 1943 (effective January 1, 1945) legislative civil code, § 510.020, supra, are however no longer con-

trolling. In 1945, hard upon adoption of the present Constitution by the people of Missouri, which contained a new provision, Art. V, § 5, authorizing the Supreme Court to "establish rules of practice and procedure for all courts", a committee, thereafter succeeded by a reviewing committee, was appointed to draft and submit proposed rules of civil practice and procedure. After years of study and exhaustive research, the latter committee, aided by the earlier work of the former committee, and by the bench and bar of this State, submitted its report and the Civil Rules of Practice and Procedure proposed by it, which were adopted in 1959 and became effective April 1, 1960. These rules were patterned in the main from Federal Rules of Procedure adopted in 1937, as thereafter supplemented and amended. Among the rules by this court thus adopted were Rules 56.01, providing for discovery under interrogatories, taken in substance from Federal Rule 33 and certain recommended amendments, and Rule 57.01(b), providing for discovery by depositions, taken in part from Federal Rule 26(b).

Rule 56.01, supra, 4 RSMo 1959, p. 4975, Vernon's Annotated Missouri Rules (V.A.M.R. 41–82, p. 189) in material part, provides:

"Interrogatories may relate to any matters which can be inquired into under Rule 57, and the answers may be used to the same extent as provided in Rule 57 for the use of the deposition of a party. Interrogatories may require as a part of or with the answers copies of all statements concerning the action or its subject matter previously given by the interrogating party, or copies of such documents, papers, books, accounts, letters, or photographs, not privileged, as are relevant to the answers required, unless opportunity for their examination and copying be afforded. Interrogatories may be served after a deposition has been taken, and a deposition may be sought after interrogatories have been answered, but the court, on motion of the deponent or the party interrogated, may make such protective order as justice may require."

The "Committee Note and Comment", V.A.M.R. 41–82, pp. 189–190, states in part: "[T]his rule broadens the scope of discovery on written interrogatories by adopting Rule 33 of the Federal Rules of Civil Procedure and a portion of the amendments tentatively recommended by the Federal Advisory Committee on Rules in 1954. One portion of the recommended draft omitted is that which would require the answering party to furnish 'A listing of the names of witnesses whom the party intends to call at the trial.' * * * The relevant portion of the Federal Advisory Committee's notes on the redrafted Federal Rule 33 recommended in 1955 are set out for an understanding of the amendments, as follows:

" 'The amendment resolves another mooted question by granting a party the right to obtain a copy of any statement which he has given his adversary without the necessity of showing good cause or possible hardship or prejudice. See collection of cases in 4 Moore's Federal Practice paragraph 26.23(8), pp. 1147–1149, paragraph 34.08 p. 2454 (2d ed. 1950); 2 Barron & Holtzoff Fed.Prac. & Proc. Sec. 770 (1950); 7 Cyc.Fed.Proc. Sec. 25.552 (3d ed. 1951).' "

Rule 57.01, supra, 4 RSMo 1959, p. 4976, V.A.M.R. 41–82, p. 195, in material part, provides:

"(b) Scope of Examination. Unless otherwise ordered by the court as provided by this Rule, the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for ob-

jection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence. The examining party may not inquire as to the contents or substance of statements, written or oral, · obtained from prospective witnesses by or on behalf of another party. The production or inspection of any writing obtained or prepared by the adverse party or coparty, his attorney, surety, indemnitor, or agent, in anticipation of litigation or in preparation for trial (except a statement given by the interrogating party) or of any writing that reflects an attorney's mental impressions, conclusions, opinions, or legal theories, or, except as provided in Rule 60.01, the conclusions of an expert, shall not be required."

The "Committee Note and Comment", V.A.M.R. 41–82, p. 196, tersely states the source and scope of Paragraph (b) of Rule 57.01, supra: "Paragraph (b) is substantially Federal Rule 26(b) with two added sentences to protect the work product of the lawyer, the party, his agent and privies, and the conclusions of an expert. The opinion in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, protecting the attorney's work product is reinforced by express specific language of the added sentences. *This Rule broadens the scope of discovery to include not only admissible testimony, but testimony reasonably calculated to lead to the discovery of admissible evidence. Names of witnesses may be discovered even though the identification is based on hearsay or other inadmissible evidence.* The last sentence is adapted from Minnesota Rules of Civil Procedure, No. 26.02. The reference to 'any writing obtained' refers to work product and not to a document admissible in evidence or existing before the claim arose. So this Rule would not protect from discovery a document which was not work product of a party, his agent, employee, or attorney." (Emphasis added by this court.)

The precise question here considered turns upon the duty of respondent to require plaintiff to make complete discovery of the names and addresses of persons known to her or her attorneys who were "witnesses to this accident", which term we construe clearly to include such persons who, so immediately prior thereto, at the time of, or so immediately thereafter, were in such proximity of the scene as to have knowledge of "facts relevant" to the time, place, manner and cause of the collision. No case has been heretofore presented to us requiring construction of these rules as they may bear upon this question. We therefore look to the decisions of the Federal Courts for such aid as they may afford in determining whether the alternative writ herein issued should be quashed or made peremptory.

But, first, we note the grounds upon which respondent challenges relator's right to the discovery here sought. His first contention is: "The names of witnesses to an automobile accident which are discovered by an attorney during his investigation of the cause pending trial and known solely to said attorney constitute 'work product' and privileged matter, and are not subject to discovery by an interrogatory directed to the attorney's client." Respondent's argument in that respect runs thus: that Rules 56.01 and 57.01 nowhere expressly provide for the right or privilege of a party litigant to obtain names of witnesses from an attorney for a party litigant by the use of either interrogatories or depositions; and that counsel for a party litigant may claim a privilege and refuse to disclose names if opposing counsel subpoenaed said counsel for a deposition, citing in support of said contention: Walczak v. Detroit-Pittsburgh Motor Freight, Inc., D.C.Ind., 140 F.Supp. 10, 11, 12; Sano Petroleum Corp. v. Shell Oil Co., D.C.N.Y., 3 F.R.D. 467, 468 [1], [2, 3].

And, further insists respondent, "The names of witnesses to an accident or occurrence discovered by an attorney during his investigation of the cause cannot be im-

puted to the client and, thus, obtained through the use of interrogatories if the attorney's 'work product' is involved. It is our contention, of course, that this is 'work product.' " Respondent then concludes, "the apparent intent of the 'Rules' was to limit discovery procedures and impose certain limitations on the use of interrogatories and depositions. This Court in adopting the New Rules of Civil Procedure never intended to give a party and counsel the right to 'raid' opposing counsel's files. * * * If this had been the intention of the 'Special Committee' in promulgating the 'Rules' and the intention of this Court in adopting the rules, Rule 56 or 57.01(b) would have so provided by inserting a provision for examination or interrogation of parties regarding the identity and location of persons having knowledge of relevant facts within the knowledge of the deponent *or his attorney*. Instead of inserting such a provision by adding 'within the knowledge of the deponent *or his attorney*' the limitations of privileged matter and work product were written into Rule 57.01. Furthermore, if it had been intended that a party's attorney could be forced to answer interrogatories either directly or indirectly, it would have been so provided in Rule 56."

In Hickman v. Taylor, supra, (1946) 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, the Supreme Court of the United States had under consideration the propriety of compelling discovery of *documents* prepared by a party's attorney after the claim had arisen. The court held, in effect, that such documents were not a proper subject of discovery, but in discussing the question thus involved, the court stated, loc. cit. 504 of 329 U.S., loc. cit. 390 of 67 S.Ct., 91 L.Ed. 451: "A party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney." In 4 Moore's Federal Practice, 2d ed., pages 1244–1245, it is said: "While there is authority that an attorney may assert a claim of privilege against disclosure of names of witnesses which he obtained directly from his client,

this is unsound since 'persons having knowledge of relevant facts' do not belong to any party, since the client, as a party to the action, would have to divulge such information, and since disclosure by the attorney in no way hampers free and proper attorney-client communication. Certainly there can ordinarily be no such privilege if the names of witnesses were obtained from non-client sources, or if they were obtained by someone other than the attorney." And, in the same text, page 2331, it is further said: "A party, or an officer of a corporation or other entity which is a party, cannot avoid answer by an allegation of ignorance if he can obtain the information from sources under his control." Further, in the same text, page 2334, it is said: "In Hickman v. Taylor, however, the Supreme Court said flatly that 'A party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney.' This language has been followed in later cases. An individual party is in no better position than a corporation to claim lack of knowledge if the information can be secured, whether from his attorney or otherwise."

The statements above quoted from Moore's Federal Practice are fully supported by numerous Federal cases, several of which are here noted. Baker v. Yellow Cab Company of Missouri, decided in 1951, 12 F.R.D. 84, involved the validity of an objection made to an interrogatory on grounds it called for hearsay and conclusions, for information obviously not within the direct knowledge or control of defendant, and constituted an attempt to invade the investigative files of defendant. The interrogatory thus challenged asked for the name and address of any person who examined a taxicab (in which plaintiff was riding when injured) on behalf of the manufacturer thereof. In overruling that objection, it was held: "The scope of examination under Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A., is the same as that set out under Rule 26(b). As amended on December 27, 1946, effective March 19, 1948,

26(b) includes the following language: '* * * It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence.'

"In Hickman v. Taylor, 329 U.S. 495, loc. cit. 507, 67 S.Ct. 385, 392, 91 L.Ed. 451, the court said: '* * * either party may compel the other to disgorge whatever facts he has in his possession.'

"It is not contemplated that defendant or its attorneys should reveal the results of their investigations or any opinions or conclusions they may have reached. Neither is a party required to answer interrogatories calling for speculation. These interrogatories merely ask for names and addresses of persons who are known to the defendant, and plaintiff is entitled to that information."

In B. and S. Drilling Co. v. Halliburton Oil Well Cementing Co. (D.C.1959), 24 F.R.D. 1, it was held in substance, as is succinctly stated in Syllabus 7: "In negligence action, interrogatories asking whether plaintiff contended that an employee of defendant offered to pay any party or witness to testify to any matters helpful to defendant in connection with the case or to favor defendant in his testimony and, if plaintiff so contended, requesting the names, addresses and location of the witnesses from whom plaintiff obtained such information was not objectionable on ground that such matters would be hearsay and represented the work product of plaintiff's attorneys and the results of investigation made after the cause of action arose."

In Edgar v. Finley (1963), U.S.C.A., 8 Cir., 312 F.2d 533, it was held, in substance, as succinctly stated in Syllabus 3: "Plaintiff's knowledge of name and address of witness, acquired by plaintiff's attorney from another attorney under promise that information would not be disclosed to defendant was not privileged information and was not immune to discovery"; in Syllabus 4: "Defendant, as a matter of right, through discovery proceedings was entitled to names and addresses of witnesses known to plaintiff"; and in Syllabus 5: "Sustaining objections to interrogatories seeking information to which party was entitled as a matter of right was abuse of discretion."

In Wycoff, etc. v. Nichols (1963), U.S. D.C., S.W.Div., 32 F.R.D. 370, Interrogatory No. 2, propounded by plaintiff, was under consideration. It was: "Please state the names and last known addresses of all persons known by you to have been present on your premises or in Elk River immediately adjacent to your premises on the date of the casualty mentioned in plaintiff's complaint." The opinion disposing of the challenge leveled against it said: "In answer to Interrogatory No. 2, defendants listed the names and addresses of 16 persons residing in four states, who were guests at the resort at the time of plaintiff's injury. The plaintiff urges that 'In all fairness plaintiff feels that defendants should be required to specify those individuals who indicated knowledge of the occurrence rather than being permitted to give a large list of names and require plaintiff to interview all of them to ascertain that which defendant by his own admission already knows.' The difficulty is that the plaintiff included in Interrogatory No. 1 the phrase 'known to you,' which is reasonably subject to the interpretation that it seeks only the personal knowledge of the defendants. Therefore the answer to Interrogatory No. 1 as phrased is sufficient and the motion will be overruled in this respect.

"However, in order to facilitate the completion of discovery in this cause, the attention of the plaintiff and of the defendants is invited to the provisions of Rule 33 of the Federal Rules of Civil Procedure incorporating the scope of discovery provided by Rule 26(b). Rule 26(b) specifically provides that the scope of discovery includes inquiry concerning 'the identity and location of persons having knowledge of relevant facts.' If the inquiry is made in the language of the rule, simply, and without reference to any personal knowledge of the

opposite party, all information available to the interrogated party must be supplied. This includes information possessed by, or within the knowledge of, the party's attorney, investigators employed by or on behalf of the party, the party's insurer, and agents or representatives of the party. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L. Ed. 451, l. c. 459; 4 Moore, Federal Practice 1. 3326, pp. 2330–34. If an appropriate interrogatory is propounded, the defendants will be required to give the information available to them, if any, through their attorney, investigators employed by them or on their behalf, their insurer or other agent or representatives, whether personally known to the defendants or not."

The following cases from courts of several other states are in accord with the foregoing Federal cases: Dritt v. Morris, 235 Ark. 40, 357 S.W.2d 13, 16–17; Lundin v. Stratmoen, 250 Minn. 555, 85 N.W.2d 828, 831–832; Smith v. Superior Court of California, 189 Cal.App.2d 6, 11 Cal.Rptr. 165, 168–169, 88 A.L.R.2d 650; Bullock v. Maag, 8 Terry 519, 47 Del. 519, 94 A.2d 382, 385; Hruby v. Chicago Transit Authority, 11 Ill. 2d 255, 142 N.E.2d 81, 83; Schwartz v. Public Service Co., N.J.Co., 64 A.2d 477; Mutual Life Ins. Co. v. Tailored Woman, Inc., 276 App.Div. 144, 93 N.Y.S.2d 241.

■ This court, of course, is not bound by the constructions placed upon rules of discovery comparable to our Rules 56.01 and 57.01 by the above cited Federal or state cases. But should we not follow them and should we not give great deference to the exhaustive research and authoritative sources upon which our own committee formulated and, in its "comments", construed them (of which we had full knowledge when they were adopted), we would indeed be culpably indifferent to the modern concept of the right of discovery as an invaluable aid in the administration of justice, as it is becoming universally accepted.

■ The discovery here sought was not privileged; neither was it the "work product" of plaintiff's counsel as in Rule 57.01 defined. Certainly, it was relevant to the subject matter involved in the pending action in that it was reasonably calculated to lead to the discovery of admissible evidence, despite the fact that the names and addresses of the witnesses sought would be based on hearsay or other inadmissible evidence.

The alternative writ herein issued is made peremptory.

STORCKMAN, LEEDY, HYDE and HOLMAN, JJ., concur.

EAGER, C. J., dissents in separate dissenting opinion filed, and DALTON, J., dissents and concurs in separate dissenting opinion of EAGER, C. J.,

EAGER, Chief Justice (dissenting).

I agree that the hearsay objection is not valid, since the answers to interrogatories need not, in themselves, be admissible. But the information here sought is, in my opinion, within the fair scope of the work product of the lawyer, and is thus privileged. In adopting Rule 57.01, this Court took particular pains to protect the work product of lawyers as shown by the last sentence, a provision which does not appear in the analogous federal rule; also, the Rule expressly exempts privileged matters, and I deem the matter here sought to be work product and thus privileged.

The rulings of the federal courts upon their own rules are not controlling and, to me, not particularly persuasive here. If we are to follow the ruling of the principal opinion, I think that our Rule 57.01 should be amended so as to state it in no uncertain terms.