L. J. Jackson, Respondent, v. Guy A. Thompson, Trustee Missouri Pacific Railroad Company, a Corporation, Appellant.—No. 41144.—218 S. W. (2d) 97.

Division Two, March 14, 1949.

1002

*Williams, O'Bryen & Schlafly, Fred L. Williams, Roland F. O'Bryen, Robert F. Schlafly,* and *Charles S. Baumgarten* for appellant.

*Cox & Cox, Abraham Altman* and *William R. Kirby* for respondent.

[97] WESTHUES, C.—This is an action to recover damages for personal injuries alleged to have been sustained by plaintiff in a col-

lision of two of defendant's trains. There was a verdict and judgment in plaintiff's favor in the sum of $20,000. Defendant railroad appealed.

A brief statement of the case will suffice. Plaintiff, a pullman porter, was assigned on August 10, 1947, for duty on the rear car of a train on a run from Ft. Worth, Texas to St. Louis, Missouri. Near Jacksonville, Arkansas, while the train was at a standstill, another of defendant's trains traveling in the same direction collided with the rear of the train on which plaintiff was employed. Plaintiff sustained injuries and this suit ensued.

The principal issue tried was the extent of plaintiff's injuries. Plaintiff claimed that his head, knee, and back had been injured. Defendant contended that plaintiff's back injuries were of long standing and were not so serious as he alleged. Plaintiff introduced substantial medical evidence that he had suffered serious, permanent injury to his spine, so as to be unable to do any manual labor. The defendant introduced evidence attempting to prove that plaintiff's back condition was mainly due to arthritis which had existed for a number of years. The defendant also introduced records of the Santa Fe Hospital of Temple, Texas, disclosing that plaintiff had been treated for various ailments in the years 1937 and 1938. It was brought out in the evidence that plaintiff underwent an operation in 1921 and another in 1927, and that he suffered with a rupture which was the result of an accident in 1945. The records of the hospital for the years 1937 and 1938 indicate that plaintiff suffered with pains in his back during that period. Defendant also showed that shortly after the [98] collision plaintiff had signed a statement asserting that his injuries consisted of "Bumped right side of head and skinned right knee". No mention of a back injury appeared on the statement. Plaintiff testified that previous to the injury received in the wreck, he had had no trouble with his back. He testified further that he had signed the abovementioned statement but that he was suffering so much pain at the time and did not remember all he had said but thought he had stated that his back hurt.

Defendant has briefed four points seeking a reversal of the judgment. They are: that plaintiff committed perjury in his testimony concerning his previous condition of health; that the trial court erred in excluding evidence as to permanent total disability benefits paid to plaintiff before the alleged accident; that there was newly discovered evidence; and lastly, that the verdict was excessive.

We need discuss only the question of the admissibility of evidence as to payments made to plaintiff in 1938 by the Southwestern Life Insurance Company for permanent total disability. The defendant on cross examination of plaintiff disclosed that plaintiff's insurance paid the hospital and medical expenses incurred by reason of his injuries received in the collision. The defendant then questioned

1004

plai t ff whether he had been paid compensation; also, whether the Pullman Company had made any payments to him since the accident; again, whether he had filed a claim with the Railroad Retirement B ard. Objections to all of these questions were sustained. Subsequent questioning disclosed the following:

"Mr. O'Bryen: Q. 'Jackson, you were on furlough from March 6, 1947, to June 8, 1947, weren't you?' A. 'Yes, sir.'

Q. 'Have you received any furlough notice in recent months from the Pullman Company? Have you been furloughed? Weren't you furloughed in March?' A. 'Yes, sir.'

Mr. Kirby: 'That is 1948.'

Mr. O'Bryen: '1948.'

A. 'And 1947 I was furloughed.'

Q. 'Were you furloughed on March 30th, 1948, also?' A. 'Yes, sir. This time, I suppose.'

Q. 'We were talking about that insurance company paying you money. You have been paid by insurance companies for permanent total disability, haven't you?'

Mr. Kirby: 'I want to object to that line of questioning, Your Honor. That is the same thing that has been going on ⋯'

The Court: 'Objection sustained, and the jury in its deliberations is instructed to disregard it.'

Mr. O'Bryen: 'Offer to prove by this witness, if allowed to testify, that September 19th, 1938, or soon thereafter that Southwestern Life Insurance Company paid him permanent total benefits connected with group certificate insurance issued on the life of Luminary J. Jackson.'

The Court: 'Object to the offer of proof?'

Mr. Kirby: 'Yes.'

The Court: 'Objection sustained.'

"Mr. O'Bryen: 'That is all.' "

Plaintiff contends the objection to the question was properly sustained for the reason that the defendant was not attempting to show by the question that plaintiff had had a back injury but that plaintiff had received payments from an insurance company. The record discloses, as we have indicated, that the preceding interrogation of plaintiff did concern payments made to plaintiff after and because of the injuries resulting from the collision. The objections were properly sustained because the defendant was not entitled to have the benefit of such evidence. See Reiling v. Russell, 345 Mo. 517, 134 S. W. (2d) 33, l. c. 36 (6).; Wells v. Thomas W. Garland, Inc., 39 S. W. (2d) 409, l. c. 411, 412 (7, 8).

The rule, however, is not applicable to the evidence offered in an attempt to prove plaintiff had applied for and received total disability benefit payments prior to the injuries sustained in the

collision. Such evidence was not admissible on the theory that plaintiff had received money but was admissible to show that plaintiff had considered himself totally disabled. [99] This evidence was also admissible as having a bearing on plaintiff's credibility as a witness, and tended to support the defendant's theory that plaintiff's back injury was of long standing. Again, such evidence was admissible as an admission against interest. See Wiener v. Mutual Life Insurance Company of New York, 352 Mo. 673, 179 S. W. (2d) 39, l. c. 43 (14); Chavaries v. National Life and Accident Insurance Company of Tennessee, 110 S. W. (2d) 790, l. c. 793 (4, 5). Plaintiff says the question was immaterial and, therefore, even if the evidence was admissible, it was harmless error. We cannot agree. We deem the question material because plaintiff claimed that the major injury sustained in collision was that to his back. The records of the hospital for the years 1937 and 1938 indicate that plaintiff then complained of his back. This also supports the evidence offered by defendant that the injury to the back may have to some extent been, due to previous trouble. Therefore, if the permanent disability benefits, if any, were paid in 1938, because of injury to plaintiff's back, then certainly the defendant should have the right to have the jury consider such evidence on the question of whether the plaintiff's injuries were entirely, or only partially, due to the collision. Plaintiff, of course, would have the right to explain the circumstances or show that he had fully recovered. In view of this ruling it is unnecessary to consider the question of the trial court's ruling in refusing a new trial sought on the basis of newly discovered evidence.

Plaintiff filed a motion to dismiss the appeal alleging that defendant violated Rule 1.08 (a) and Rule 1.08 (b) of this court in that the statement of facts made by appellant is argumentative, repetitious, unfair, and not coincise. This court has been extremely liberal in the enforcement of its rules in this regard. Perhaps we have been too liberal. The reason is that we loathe to dismiss a case for failure to comply with the rules. We prefer to decide the cases on their merits. However, lawyers should not conclude in view of this liberalism that the rules are to be disregarded. Rule 1.08 (b) states clearly that "The fair and concise statement of the facts shall be in the form of a statement of the facts relevant to the questions presented for determination". Stating the evidence of each witness separately and quoting verbatim from the evidence of each witness is not a compliance with this rule. Plaintiff also asserted in the motion that Rule 1.08 (a-3), pertaining to points and authorities, was violated by appellant. In this regard we find the brief sufficient. The points relied on were concisely stated and cases were cited in support of the points made. Due to our reluctancy to dismiss cases for violation of the rules, we deny the motion to dismiss. Judgment is reversed

1006

and the cause remanded for retrial. *Bohling* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by Westhues, C., is adopted as the opinion of the court. All the judges concur.