STATE of Missouri ex rel. Frank HUDSON, Relator,

v.

Honorable Charles E. GINN, Judge of the Circuit Court of Lawrence County, Missouri, Respondent.

No. 50049.

Supreme Court of Missouri

En Banc.

Jan. 13, 1964.

Robert E. Seiler, Joplin, Seiler, Blanchard & Van Fleet, Joplin, of counsel, for relator.

Moore, Pettit & Steinle, Aurora, for respondent.

HOLLINGSWORTH, Judge.

Mandamus. Relator herein is defendant in an action for damages for personal injuries entitled "John Lee Kelley, Plaintiff, v. Frank Hudson, Defendant," pending in the Circuit Court of Lawrence County, of which respondent is the judge. On application of relator our alternative writ of mandamus was issued to respondent to show cause why he should not require the plaintiff in said action to answer separately and fully in writing, under oath and duly signed, certain written interrogatories served upon him under Civil Rules 56.01 and 57.01 of this court, as found in 4 RSMo 1959, pp. 4975 and 4976, and Vernon's Ann.Mo. Rules (41–82 V.A.M.R.), pp. 188 and 195.

The petition in the action brought against relator seeks to recover from relator $35,-000 for alleged personal injuries allegedly caused by and resulting from the collision of an automobile in which plaintiff was riding and an automobile driven by relator. It alleges specific negligence on the part of relator in failing to exercise the highest degree of care in the operation of said automobile in failing to keep a vigilant lookout, driving at an excessive rate of speed, driving in excess of 65 miles per hour and in failing to drive on the right half of the highway, as a direct and proximate result of which plaintiff allegedly was severely injured in his head, limbs, back, spine, neck, shoulders, chest, abdomen, internal organs and all parts of his body, which said injuries, it is alleged, are permanent and progressive; and that, as is further alleged, plaintiff has necessarily expended large sums of money for medical, hospital and nursing services, and for medicines, x-rays and drugs; to which petition relator has filed answer denying said allegations.

Relator, as defendant in said action, served 45 written interrogatories upon plaintiff under said rules, to which plaintiff filed blanket objections, viz: "to each and every one of the Interrogatories numbered 1 through 45 propounded by defendant * *, for the reason that the information sought by each of said Interrogatories is immaterial and irrelevant to the issues here involved and each is not reasonably calculated to lead to the discovery of any evidence admissible herein, for the further reason that the information sought by each of said Interrogatories is private and privileged in-

formation and consists of work product of plaintiff's attorneys, for the further reason that each of said Interrogatories calls for opinions and conclusions and seeks information based upon hearsay and outside the knowledge of plaintiff and for the further reason that said Interrogatories, by reason of the number, length and subject matter dealt with, are designed to, and can only serve the purpose of, subjecting plaintiff to annoyance, expense, oppression and harrassment unnecessarily and without cause."

Thereafter, following hearing in chambers, respondent required plaintiff to answer certain of the 45 interrogatories propounded and sustained objections to certain of them. The alternative writ herein is directed to respondent's refusal to require plaintiff to answer those following:

"20. If you have ever had any other claim or suit for injuries, damages, or disability other than the present petition, state all such previous claims or suits, the nature of your injuries or disabilities in the same, the dates of such previous suits or claims, the name and addresses of the persons, firms or corporations against which such claims or suits were made, the name and address of the court, commission or other body in which or before which such suits were filed and the amounts paid in settlement or judgment for such claims or suits.

"21. If you have made claim under any health, accident, hospital, disability or other type of insurance for any sort of benefits, payments or allowances by reason of any injuries sustained by you in the accident (referred to in your petition) or any expenses incurred by you or paid by you, state the following:

"a. Name and address of each such company.

"b. Policy number of each such company.

"c. Nature of claim made.

"d. Disposition of said claim.

"e. Claim number assigned said claim."

"29. If you or your attorneys know of any witnesses to the accident, state the name and address of each of said witnesses.

"30. State the name and present address of each person known by you or your attorneys who were present at the time and place of the collision or within thirty minutes thereafter.

"31. Have you or your attorney, agent, insurer or anyone else on your behalf obtained a statement from the defendant?

"32. If so, please attach a copy of said statement to your answers hereto."

Subsequent to issuance of our alternative writ, plaintiff filed return, alleging in material part the objections made by him in the trial court and further specifically alleging that "said interrogatories numbered 20 and 21 are entirely irrelevant and immaterial under the issues involved in said law suit and neither is designed to lead to the discovery of any evidence admissible therein; that said interrogatories numbered 29, 30, 31 and 32 call for information which, within the meaning of Rules 56 and 57, are privileged matters and therefore not entitled to inquiry by interrogatory under said Rules."

Relator's reply denied the averments of respondent's return and moved for judgment on the pleadings.

Relator's brief was filed August 20, 1963. No brief has been filed in behalf of respondent; and we are therefore not advised as to grounds upon which he refused to require answers to any of the above numbered interrogatories. Presumably, he did so upon one or more of the conclusions of law pleaded in the objection filed by plain-

tiff in the trial court and in respondent's return filed in this court.

As will be noted by reference to Rule 56.01, supra, "[i]nterrogatories may relate to any matters which can be inquired into under Rule 57, and the answers ,may be used to the same extent as provided in Rule 57 for the use of the deposition of a party." Rule 57.01(b) defines the "scope of examination" to which a deposition may be taken and used for the purpose of discovery in these words:

"Unless otherwise ordered by the court as provided by this Rule, the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence. The examining party may not inquire as to the contents or substance of statements, written or oral, obtained from prospective witnesses by or on behalf of another party. The production or inspection of any writing obtained or prepared by the adverse party or coparty, his attorney, surety, indemnitor, or agent, in anticipation of litigation or in preparation for trial (except a statement given by the interrogating party) or of any writing that reflects an attorney's mental impressions, conclusions, opinions, or legal theories, or, except as provided in Rule 60.01, the conclusions of an expert, shall not be required."

As stated, the petition in the action brought by plaintiff alleged permanent and progressively worsening injury to each and every part of his body. Certainly relator herein, as defendant in that action, was entitled to interrogate plaintiff in the taking of any pretrial deposition (and, therefore, by written interrogatories propounded under Rule 56.01) concerning prior claims or suits for injury, damage or disability sustained to his body or any part thereof for the purpose of discovering whether the injury, damage or disability asserted in the suit brought against relator had, in fact, resulted in whole or in part from a prior casualty; and, if so, the extent of the injury and the amount paid or sought as compensation. Craig v. United Railways Company, Mo., 185 S.W. 205, 207 [2, 3]; Cammarata v. Payton, Mo., 316 S.W.2d 474, 477; Turner v. Yellow Cab Co. of Springfield, Mo.App., 361 S.W.2d 149, 155 [4, 5]. The discovery thus sought clearly was relevant to the subject matter of plaintiff's action against relator and reasonably calculated to lead to the discovery of admissible evidence. Neither was it privileged or a "work product" of his counsel. Our conclusion is that respondent was without discretion to deny the discovery sought in Interrogatory 20.

Interrogatory 21 seeks discovery of any claim made by plaintiff under any health, accident, hospital, disability or other type of insurance by reason of injuries sustained or expense incurred by him *in the occurrence referred to in his petition in his suit against relator*. In support of his contention that respondent should be by peremptory mandamus required to order plaintiff to make discovery as sought in 21, relator states that "if plaintiff has made or is making claims for payments or benefits under health, accident, hospital or disability insurance by reason of injuries claimed to have been sustained in the present accident, plaintiff no doubt has made statements and filed proofs directly pertaining to said injuries, his complaints and probably also as to the facts of the occurrence. Such statements and proofs might well constitute admissions or declarations against interest

directly material to relator's defense, provided relator can obtain a lead whereby he can run down the same. Furthermore, any such claims by plaintiff would certainly be accompanied by medical reports which would directly bear on plaintiff's claims of injuries and damages. Granted that these medical reports or the testimony of the doctors might now be privileged, they would not remain privileged after plaintiff takes the stand and testifies, so that if we can determine the existence and location of such reports, it might well be that the reports or the testimony of the doctor could be used by defendant after plaintiff waives the privilege by testifying. It is difficult to tell just where information of the sort called for by interrogatories 20 and 21 will lead, but again the information sought is 'reasonably calculated to lead to the discovery of admissible evidence.' "

It is of course possible that the information sought in 21 might become material, relevant and free of any reasonable claim of privilege, if any it has, upon development of a situation such as is forecast by relator. But the question here is: may this court, with no fact or circumstance before it other than as above stated, confidently say as a matter of law that the discovery sought in 21 "appears reasonably calculated to lead to the discovery of admissible evidence"?

Relator cites Jackson v. Thompson, 358 Mo. 1001, 218 S.W.2d 97, in which this court considered the right of defendant in a personal injury action to cross-examine plaintiff at trial as to injuries allegedly sustained by him *in 1947* for which he was seeking to recover and had testified to disabilities and consequent loss of earning capacity by asking him if he had been paid by insurance companies for permanent total disability sustained *in 1938*. The trial court sustained plaintiff's objection and denied defendant's offer of proof to that effect. This court reversed and remanded the cause on grounds of prejudicial error in that ruling, saying, 218 S.W.2d loc. cit. 98–99: "Such evidence was not admissible on the theory that plaintiff had received money but theory that plaintiff had received money but

was admissible to show that plaintiff had considered himself totally disabled. This evidence was also admissible as having a bearing on plaintiff's credibility as a witness, and tended to support the defendant's theory that plaintiff's back injury was of long standing. Again, such evidence was admissible as an admission against interest."

We have no such situation here. The discovery sought in 21 is addressed to claims made for insurance benefits for the injuries and special damages allegedly sustained in the pending suit. The nature, extent and the amount sought in such a claim apparently would have been made in the light of the terms and limitations of the policy issued by the insurer. Unless any claim so made or statement filed in support thereof appears reasonably calculated to lead to the discovery of evidence tending to show that plaintiff did not suffer some of the injuries or special damages asserted to the extent alleged in his petition and proved at trial, there is no ground revealed in this record upon which this court soundly could predicate a peremptory writ of mandamus that the discovery sought in 21 be required. Conceivably, the proper interpretation of any statement made in such a claim submitted, considered in the light of any insuring or exclusionary clause or other terms or limitations of the policy, could tend more to confuse than to clarify the issue of the extent of injuries or special damages claimed by plaintiff in his action against relator. We think that in this state of the record the discovery sought in 21 presents a matter that should be ruled in the first instance in the sound discretion of the trial judge on the sole basis of whether it was reasonably calculated to lead to admissible evidence, to which this court would give due deference on appeal from any final judgment rendered on the merits of plaintiff's action, wherein the whole record would be before us.

■ Interrogatories 29 and 30 seek discovery of, if known to plaintiff or his attorneys, the names and addresses of any

witnesses to the collision and the name and address of each person present at the time and place of its occurrence or within thirty minutes thereafter. In the case of State ex rel. Pete Rhodes Supply Co. v. Crain, Judge, Mo., 373 S.W.2d 38, this court held that an interrogatory, in essential substance identical with the discovery sought in 29 and 30 above, was neither privileged nor a "work product" of counsel, as in Rule 57.01 defined; that an interrogatory such as propounded in that case was relevant to the subject matter of an action for personal injuries such as is here presented and reasonably was calculated to lead to the discovery of admissible evidence, even though the knowledge of plaintiff, his attorney, surety, indemnitor or agent, as to the names and addresses of the witnesses sought, should be based on hearsay or other inadmissible evidence. We adhere to the ruling there made.

Interrogatories 31 and 32 seek discovery of whether plaintiff, his agent, insurer or anyone else in his behalf has obtained a statement from relator (meaning, as we infer, a statement concerning plaintiff's action against relator or its subject matter); and, if so, a copy of such statement.

Rule 56.01, to the extent here material, provides: "Interrogatories may require as a part of or with the answers copies of all statements concerning the action or its subject matter previously given by the interrogating party, * * *." Rule 57.01(b), to the extent here material, provides: "The production or inspection of any writing obtained or prepared by the adverse party or co-party, his attorney, surety, indemnitor, or agent, in anticipation of litigation or in preparation for trial (except a statement given by the interrogating party) * * *, shall not be required."

The "Committee Note and Comment", set forth following Rule 56.01 (41–82 V.A.M.R., pp. 189–190), among other things, states: "Paragraph (a) of this rule broadens the scope of discovery on written interroga-

tories by adopting Rule 33 of the Federal Rules of Civil Procedure and a portion of the amendments tentatively recommended by the Federal Advisory Committee on Rules in 1954. * * * Principal changes in Section 85 of the 1943 Code (Section 510.020, RSMo 1949) are as follows: (1) The scope of discovery is broadened; * * * (5) copies of statements given by the interrogating party, and of writings and photographs, not privileged, may be discovered unless opportunity to examine and to copy is given. * * * The relevant portion of the Federal Advisory Committee's notes on the redrafted Federal Rule 33 recommended in 1955 are set out for an understanding of the amendments, as follows:

"'The amendment resolves another mooted question by granting a party the right to obtain a copy of any statement which he has given his adversary without the necessity of showing good cause or possible hardship or prejudice. See collection of cases in 4 Moore's Federal Practice paragraph 26.23(8), pp. 1147–1149, paragraph 34.08 p. 2454 (2d ed. 1950); 2 Barron & Holtzoff, Fed.Prac. & Proc. Sec. 770 (1950); 7 Cyc.Fed.Proc. Sec. 25.552 (3d ed. 1951) * * *.'"

See also Pete Rhodes Supply Co. v. Crain, Judge, etc., supra, and cases therein cited.

It is clear that the discovery sought in 31 and 32 under the express provisions of Rules 56.01 and 57.01 is not privileged nor is it a non-discoverable "work product" of plaintiff's attorney, surety, indemnitor or agent. Respondent was without discretion to refuse to require it.

The alternative writ herein issued is made peremptory as to Interrogatories 20, 29, 30, 31 and 32 and is quashed as to Interrogatory 21.

STORCKMAN, LEEDY, HYDE and HOLMAN, JJ., concur.

EAGER, C. J., concurs in part and dissents in part in separate opinion filed.

DALTON, J., concurs in part and dissents in part and concurs in opinion of EAGER, C. J.

EAGER, Chief Justice (concurring in part and dissenting in part).

I concur in all of the foregoing opinion except that part requiring the answers to Interrogatories 29 and 30 to include knowledge of plaintiff's attorneys. On that, I dissent. My views thereon are expressed in my dissent in the case of State ex rel. Pete Rhodes Supply Co. v. Crain, Banc, Mo., 373 S.W.2d 38.