STATE ex rel. Barbara Marie HOF, an Infant, by Walter W. Hof, Next Friend, and Walter W. Hof, Relators,

v.

Honorable George W. CLOYD, Judge of the Circuit Court of St. Louis County, Missouri, Respondent.

No. 51119.

Supreme Court of Missouri,

En Banc.

Sept. 13, 1965.

Rehearing Denied Oct. 11, 1965.

Gerritzen & Gerritzen, by Ray A. Gerritzen, St. Louis, for relators-plaintiffs.

Heneghan, Roberts & Cole, and George E. Heneghan, St. Louis, for respondent.

STORCKMAN, Chief Justice.

This is an original proceedings in this court to prohibit the respondent circuit judge from enforcing an order requiring the plaintiffs, the relators herein, to answer certain interrogatories propounded by the defendants in a personal injury suit. This court issued its preliminary rule in prohibition to which the respondent filed a return and the relators filed their reply. In due course, the parties filed their briefs and the case was argued orally and submitted.

In the personal injury action, Barbara Marie Hof, nine years of age, seeks to recover $120,000 for injuries alleged to have been sustained by being bitten in and about the face and nose by a large Rottweiler dog named Fritzie owned by the defendants, Ray E. Dilschneider and his wife Joan Dilschneider. Walter W. Hof, father of Barbara, in addition to serving as next friend, sought in a separate count to recover $5,-000 for medical and hospital expenses. Among other allegations, the petition stated that the defendants knew or in the exercise of ordinary care could and should have known that, prior to the time Barbara was bitten, the dog Fritzie had attacked and bitten other persons without provocation, one of whom was a child member of the immediate family of the defendants; that Fritzie possessed vicious and mischievous

propensities and in spite thereof the defendants permitted the dog, weighing in excess of 120 pounds, to be in the yard where Barbara was bitten under the sole restraint of a leash held by the defendants' nine-year-old daughter; and that the defendants permitted the dog to bite Barbara although they knew or should have known beforehand that Fritzie possessed vicious and mischievous propensities and a definite tendency to attack, bite and injure persons whether in play or in anger all without cause or provocation.

Insofar as pertinent to the interrogatories in this case, the second paragraph of Civil Rule 56.01(a), V.A.M.R., provides that: "Interrogatories may relate to any matters which can be inquired into under Rule 57, and the answers may be used to the same extent as provided in Rule 57 for the use of the deposition of a party."

Pertinent portions of Civil Rule 57.01(b) relating to the scope of depositional examination provide that: "the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, * * *, including * * * the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

The relators rely chiefly upon the cases of State ex rel. Kroger Company v. Craig, Mo.App., 329 S.W.2d 804, and State ex rel. Kramer v. Carroll, Mo.App., 309 S.W.2d 654. Both of these cases were decided prior to April 1, 1960, when Rules 56.01 and 57.01 in their present form became effective. The respondent cites State ex rel. Pete Rhodes Supply Co. v. Crain, Mo., 373 S.W.2d 38, and State ex rel. Hudson v. Ginn, Mo., 374 S.W.2d 34, which construe the rules in their present form.

Three interrogatories, numbered 1, 6 and 7, are involved in this case. Interrogatory No. 1 reads: "State the names and addresses of all persons known to have relevant knowledge of any facts pertaining to the occurrence alleged in plaintiffs' petition filed herein." The relators assert this interrogatory is objectionable, among other reasons, because the answer "calls upon plaintiffs to make a determination and engage in opinions as to what facts are relevant and what constitutes knowledge."

Interrogatory No. 1 uses terms similar to the language in Rule 57.01, such as "relevant to the subject matter" and "knowledge of relevant facts", but following the language of the rule does not render the question proper. Relevancy is to be determined by the court as a matter of law when a factual question is asked and an objection is made. Interrogation is restricted to factual matters. The question would have been objectionable if asked at the taking of a deposition and has no better standing when propounded as an interrogatory. It calls for a conclusion and determination by the party as to what is relevant knowledge or relevant facts. Furthermore, the interrogatory is vague and uncertain. It refers to the "occurrence" when several occurrences are mentioned in the petition. The party interrogated should not be called on to speculate as to what is intended by the question. Since the interrogatory calls for an opinion or conclusion of law and is too general, indefinite, and uncertain, it is fatally defective under the rule applied in State ex rel. Transit Casualty Company v. McMillian, Mo., 349 S.W.2d 210. It is not necessary to consider the other grounds of objection to this interrogatory.

Interrogatory No. 6 is in three parts and calls for information concerning (a) persons known to have been attacked, bitten or injured by the dog prior to the injury to Barbara Marie Hof, (b) persons known to have witnessed such prior attacks, and (c) whether such prior attacks were reported to the owners of the dog and, if so, by whom and when. In substance, the relators object to this interrogatory on the grounds that it calls for hearsay, compels the plain-

tiffs "to go to work" for the defendants, and is "a mere fishing expedition".

██ The objections to interrogatory No. 6 are not well taken. Under the rules of discovery as they presently exist, the hearsay objection is not valid "if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence." Further, if the information sought is a factual matter within the knowledge of the party interrogated or his attorney, it is not protected from discovery because the information was developed as the result of the party's investigation. In view of the allegations of the petition, the information sought by this interrogatory appears to be relevant and is sufficiently definite and certain that it cannot be said to be "a mere fishing expedition". The propriety of interrogatory No. 6 is supported by the cases of State ex rel. Pete Rhodes Supply Co. v. Crain, Mo., 373 S.W.2d 38, 44 [2, 3]; State ex rel. Hudson v. Ginn, Mo., 374 S.W.2d 34, 38–39 [3]; Mitchell v. Newsom, Mo.App., 360 S.W.2d 247, 249 [2]; and Bush v. Anderson, Mo.App., 360 S.W.2d 251, 256 [11].

Interrogatory No. 7 is in four parts and is based on the allegation of the petition that the dog "had and possessed vicious and mischievous propensities". It seeks (a) the "dates, times and places of all instances of such propensities occurring prior to July 28, 1963", (b) the names and addresses of "persons witnessing any such instances of such propensities", (c) whether "any such instances of such propensities" were reported to the owners of the dog, and (d) the names and addresses of persons who reported "any such instances of such propensities" to the owners of the dog, the date of the report, the person to whom such report was made, and the method by which any such report was made.

██ A propensity is defined as "a natural inclination: innate or inherent tendency". Webster's Third New International Dictionary. The allegation that the dog had vicious and mischievous propensities is a conclusion of the pleader based on the averments that the dog had previously attacked, bitten and injured other persons. Interrogatory No. 7 is redundant in view of the information sought under interrogatory No. 6 and to which we have held the defendants were entitled. Furthermore, asking for "instances of such propensities" is confusing in view of the definition which indicates a settled and continuing trait or tendency. Such a question is likely to put a witness in a quandary as to what is intended. If the interrogator had in mind something in addition to what was sought in interrogatory No. 6, he should say so definitely and certainly. Interrogatory No. 7 is not within the letter or spirit of the discovery rules and need not be answered in its present form.

██ The provisions for discovery by written interrogatories are liberal but they are not unlimited. The supreme court rules are quite clear and they have been further construed and defined by decisions of the appellate courts of this state. Nevertheless, this court continues to receive an inordinate and apparently unnecessary number of applications to regulate the use of interrogatories. Attorneys experienced in the taking of depositions or the oral examination of witnesses at a trial should have no difficulty in formulating or recognizing proper written interrogatories. Such interrogatories should call for specific relevant facts and not be repetitious. They should not call for opinions or the conclusions of the person interrogated or require him to resort to speculation or conjecture as to what is intended. Whether questions are proper in form and substance is for the determination of the trial court; and the court should keep in mind that if an objection is sustained the interrogator has the right to reframe and resubmit the question in proper form or to propound additional ones. "The number of interrogatories or of sets of interrogatories to be served is not limited except as justice requires to protect the party from annoyance, undue expense, embarrassment, or oppression. The provisions

of Rule 57.01(c) are applicable for the protection of the party from whom answers to interrogatories are sought under this rule." Civil Rule 56.01(a), V.A.M.R.

The preliminary rule in prohibition is made permanent as to interrogatories 1 and 7 and is quashed as to interrogatory No. 6.

All concur and STONE, Special Judge, concurs.

DONNELLY, J., not participating because not a member of the court when the cause was submitted.