**STATE of Missouri ex rel. Clarence E. MUELLER and Marie Mueller, Relators,**

v.

**Honorable David J. DIXON, Judge, Division Two of the Circuit Court of Johnson County, Missouri, Respondent.**

No. 25395.

Kansas City Court of Appeals, Missouri.

June 1, 1970.

Hensley & Rahm, James A. Rahm, Warrensburg, for relators.

Robert S. McKenzie, McKenzie, Williams, Merrick, Beamer & Stubbs, Kansas City, for respondent.

## ORIGINAL PROCEEDING IN PROHIBITION

SHANGLER, Presiding Judge.

This is an original proceeding in prohibition.

Relators are plaintiffs in an action for damages against Franklin Storbakken and Land Construction Company pending before the respondent Circuit Judge in Johnson County, Missouri. Their causes of action derive from a motor vehicle collision of June 18, 1969. Upon their petition for prohibition our preliminary rule issued to prevent the respondent judge from requiring them to answer the last four of six interrogatories propounded by defendants in the pending action. Relators had made objection to all of them in the trial court but have since conceded that the first two,

calling for the discovery and production of any "recital or statement in writing or reduced to writing" received or obtained by them from defendant Storbakken, were proper.

On July 18, 1969, Mr. James A. Rahm, attorney for our relators Clarence and Marie Mueller, filed their petition for damages as plaintiffs against the defendants. On that very day, a hearing was had in the Magistrate Court of Johnson County, Missouri, wherein relator Clarence Mueller was charged with a traffic violation arising from that collision of June 18, 1969. The Magistrate Court made no provision for the reporting of proceedings before it. At the direction of plaintiffs' counsel, a stenographer identified only as "the Court Reporter for Division Two of the Circuit Court of Johnson County, Missouri", was engaged to record and transcribe the testimony there presented. It was by virtue of this arrangement and in this manner that the testimony of defendant Storbakken and other witnesses, not parties to the damage suit, were taken and transcribed.

Thereafter, defendants submitted six interrogatories to plaintiffs calculated to the discovery and production of the transcribed testimony of defendant Storbakken as well as that of those others called as witnesses at the Magistrate trial. The identity of the reporting and transcribing agent was also sought. Plaintiff objected to all six interrogatories as calling for answers "which would invade the rule which protects the attorney's work product". Respondent overruled the objections so that plaintiffs, until our writ intervened, came under compulsion to make answer. As we have noted, plaintiffs no longer resist discovery of defendant Storbakken's transcribed testimony but now concede that such a transcription is a "statement given by the interrogating party" within the meaning of Civil Rules 56.01 and 57.01(b), V.A.M.R. and the holding in Combellick v. Rooks, Mo., 401 S.W.2d 460. The propriety of the respondent's rulings with respect

to interrogatories 3, 4, 5 and 6 remain under challenge. We set them out.

"3. Please state whether you or anyone acting on your behalf took the testimony of the witnesses who testified in the trial of State of Missouri vs Clarence E. Mueller in the Magistrate Court of Johnson County Missouri on or about July 18, 1969 and whether any notes taken at said trial have been transcribed and furnished to you or your counsel.

"4. If your answer to interrogatory number 3 is in the affirmative state the name of the reporter or person who took the notes and transcribed the testimony of the witnesses testifying at said trial, the address of such reporter and the charge made for the services.

"5. If your answer to interrogatory number 3 is in the affirmative state the name and address of every witness whose testimony has been taken, transcribed and furnished to you or your counsel.

"6. If your answer to interrogatory number 3 is in the affirmative attach copy or copies of the transcript of the testimony of said witnesses to your answers hereto."

As to interrogatories 3 and 4, we have concluded that relators' objections to them were effectively waived when they voluntarily disclosed the information sought to be reached by those inquiries. Interrogatory 3 sought to discover whether anyone on relators' behalf took and transcribed the testimony of those witnesses who testified in the Magistrate Court trial of July 18, 1969 and whether the transcription was furnished to them or their attorney. Each of these multiple inquiries was fully answered by the factual disclosures contained in relators' Petition for Writ of Prohibition and their Reply to respondent's Answer. Thus, paragraph 4 of their Petition for Writ of Prohibition alleges, in part: "That on the 18th day of July, 1969, there was a hearing held in the Magistrate

Court of Johnson County, Missouri * * * .that at said hearing the Court Reporter for Division Two of the Circuit Court of Johnson County, Missouri, was present at the request and direction of the attorneys for plaintiffs * * * and took down the testimony of the Defendant, Franklin Oliver Storbakken, and certain other witnesses who are not parties to said law suit; that the transcribed testimony was taken on behalf of the plaintiffs' attorney * * *". Paragraph 1 of respondent's Return admitted the allegations of this paragraph, among others, and relators Reply "reassert(ed) all of the allegations contained in their Application for Writ of Prohibition, accept all admissions of such allegations contained in paragraph 1 of respondent's return". By these voluntary disclosures of fact, the relators effectively answered interrogatory 3 as though by design and as though no objection to it had ever been made. As to that interrogatory, the objection was waived, and with it, the claim of work product immunity upon which it was based. Wren v. St. Louis Public Service Company, Mo.App., 355 S. W.2d 365, 371 [7–9]; State ex rel. Missouri Public Service Co. v. Elliott, Mo., 434 S.W.2d 532, 536 [2]; 23 Am.Jur.2d, Depositions and Discovery, Sec. 291, p. 689. Work product immunity, as any other, may be relinquished by voluntary disclosure of the protected information. Philadelphia Electric Company v. Anaconda American Brass Company, (D.C., E.D.Pa.) 275 F.Supp. 146, 148 [1, 2]; D'Ippolito v. Cities Service Company, (D.C., S.D.N.Y.), 39 F.R.D. 610(1, 2).

■ The relators waived their objection to interrogatory 4, as well. That interrogatory undertakes to discover the name and address of the reporter who took and transcribed the testimony of the witnesses at the Magistrate Court trial. It also seeks the charge made for that service. Relators' pleadings, to which we have referred, identify the reporter in all but name as "the Court Reporter for Division Two of the Circuit Court of Johnson County, Missouri". The name of the court reporter is a matter of public record and his court house address, equally so. Without attempting formal answer to interrogatory 4, relators have in fact made it.

■ As to the balance of interrogatory 4 which seeks to discover the charge made by the reporter, not only is it a proper inquiry, but it calls for a disclosure which the trial court could require of relators, quite apart from any right of defendant Storbakken to discover it. That is because relators have conceded interrogatories 1 and 2 calling for the discovery and production of defendant Storbakken's transcribed statement are quite proper. The information as to the cost of reporting and transcribing that statement is merely an adjunct of its production and is discoverable as a matter of course. By the provisions of Civil Rule 57.01(c), the trial court in ordering discovery "may make any other order which justice requires to protect the party * * * from * * * undue expense". The charge made by the reporter may serve as an informed predicate for whatever sound discretion the trial court may choose to exercise to allay any unreasonable expense which would otherwise result from making required discovery.

■ Interrogatory 5 presents a different question. In addition to claiming work product immunity for the information intended to be reached by this interrogatory, relators raised specific objection to its form. It literally seeks "the name and address of every witness whose testimony has been taken" in the Magistrate Court trial of July 18, 1969. It does not undertake to limit its scope to persons having witnessed the occurrence—that is, the collision—upon which the pending damage suit between relators and defendants Storbakken and Land Construction Company is based. Cf. State ex rel. Williams v. Vardeman, Mo. App., 422 S.W.2d 400, 406–407; State ex rel. Hudson v. Ginn, Mo., 374 S.W.2d 34, 38–39; Combellick v. Rooks, supra, 401 S. W.2d p. 463. On its face interrogatory 5 is general and indefinite. The question be-

comes whether by requiring answer to it, relators would be "called upon to speculate as to what is intended by the question". State ex rel. Hof v. Cloyd, Mo., 394 S.W. 2d 408, 410. " 'Whether questions are proper in form and substance is', in the first instance, 'for the determination of the trial court' ". State ex rel. Houser v. Goodman, Mo.App., 406 S.W.2d 121, 124. This determination involves an exercise of judicial discretion unless, of course, the rule of discovery is mandatory and directs the parties and the court to a specific course of conduct. However, when there is a reasonable basis for the court's decision in allowing or refusing discovery, although it ultimately be determined to be erroneous, prohibition will not lie to prevent the judge's enforcement of that decision. State ex rel. Norfolk & Western Ry. Co. v. Dowd, Mo., 448 S.W.2d 1, 3–4.

■ The Magistrate Court hearing at which the witnesses gave their testimony involved the adjudication of a traffic charge against relator Clarence Mueller arising from a motor vehicle collision of June 18, 1969 (presumably with defendant Storbakken). It was that collision, in turn, from which relators' causes of action derive and upon which the pending suit against defendants is based. The witnesses in the Magistrate Court trial, therefore, are presumptively witnesses to the occurrence from which defendants' claimed liability stems because their factual knowledge concerning the collision is relevant to the subject matter of the damage suit. This congruence of factual knowledge constitutes a reasonable basis for the trial court's order overruling the objection to the form of the interrogatory and, therefore, it is a ruling to which we defer. In any event, by asserting the work product immunity as to this interrogatory and the others, relators tacitly acknowledge that the transcribed testimony is from witnesses to the occurrence mentioned in their petition, else, there would have been no occasion for invoking it. Although we do not recommend or approve the form of interrogatory 5 for the discovery of witnesses

to the subject matter of a pending action, for the reasons given the trial court's implicit conclusion that relators understood what was intended by the question rests on a reasonable basis. The trial court did not abuse its discretion in overruling relators' objection as to its form.

■ Relators claim work product immunity for the names and addresses of the witnesses sought by interrogatory 5. They are not entitled to any. Names and addresses of witnesses are proper subjects of discovery if within the knowledge of the party interrogated, or that of his attorney, because they are relevant factual matter. Such disclosures are not protected from discovery merely because the information sought may have been developed as the result of the party's investigation. State ex rel. Pete Rhodes Supply Co. v. Crain, Mo., 373 S.W.2d 38, 42; State ex rel. Missouri Public Service Co. v. Elliott, supra, 434 S.W.2d p. 537[7]; State ex rel. Hof v. Cloyd, supra, 394 S.W.2d p. 411.

■ It remains to be determined whether the respondent judge exceeded his jurisdiction in requiring answer to interrogatory 6 which seeks the discovery and production of the transcribed testimony of witnesses in the Magistrate Court hearing, not parties to the pending damage suit. Relators claim work product immunity as to that information. This claim must be sustained.

Civil Rule 56.01, V.A.M.R. provides for the use of interrogatories as an instrument of discovery and defines its scope as co-extensive with that allowed for depositions under Civil Rule 57. Civil Rule 57.01(b) provides, in part:

*"The examining party may not inquire as to the contents or substance of statements, written or oral, obtained from prospective witnesses by or on behalf of another party.* The production or inspection of any writing obtained or prepared by the adverse party or co-parties, his attorney, surety, indemnitor, or agent * * * shall not be required." (Emphasis added)

In Combellick v. Rooks, supra, a defendant in a pending damage suit had given his testimony in a Municipal Court. It was recorded and later transcribed by a stenographer engaged by plaintiff for that purpose. The Supreme Court en banc determined that the transcription constituted a "statement" by the defendant within the meaning of Civil Rules 56.01 and 57.01(b), V.A.M.R. And, as it was "a statement given by the interrogating party" within Rule 57.01(b)—that is, a party to the litigation—it was held to be discoverable.

On the authority of *Combellick,* we are bound to conclude that the transcribed testimony of the non-party witnesses in the Magistrate Court were statements given by them. And while such statements are discoverable when "given by the interrogating party", their contents or substance are immune from discovery when such statements have been "obtained from prospective witnesses by or on behalf of another party". The respondent judge was without discretion to require relators to produce statements obtained on their behalf from prospective witnesses in the face of the mandatory language of Civil Rule 57.01(b) denying another party to the litigation access to them by discovery. This immunity of such statements from disclosure rests upon the principle protecting the attorney's work product as "reinforced by (the) express specific language" of Civil Rule 57.-01(b) which we have earlier quoted and emphasized. See Committee Note and Comment—1959 to Civil Rule 57.01(b).[1] The respondent judge exceeded his jurisdiction when he entered his order overruling relators' objection to interrogatory 6.

Respondent appears to contend that by making our rule in prohibition absolute as to interrogatory 6, we not only deny defendants access to the transcribed statements of the witnesses but, in effect, are holding "that the information obtained by the reporter is privileged and defendants are not entitled to get it by deposition or by any other means". Our ruling should not be so understood. Relators have claimed no privilege, and in fact none is involved. "(T)he protective cloak of this (attorney-client) privilege does not extend to information which an attorney secures from a witness while acting for his client in anticipation of litigation." Hickman v. Taylor, 329 U.S. 495, 508, 67 S.Ct. 385, 392, 91 L.Ed. 451; Mills Music, Inc. v. Cromwell Music, Inc. (S.D.N.Y.), 14 F.R.D. 411, 413; Moore's Federal Practice, Vol. 4, pp. 1381, 1385. Compare, however, State ex rel. Terminal R. Ass'n of St. Louis v. Flynn, 363 Mo. 1065, 257 S.W.2d 69, 73. On the other hand, although not always fastidiously maintained in our decisions, there is a distinction between privileged communications protected from discovery because of the attorney-client relationship and matters which are immune from discovery because prepared in anticipation of litigation. As to interrogatory·6, the immunity from disclosure of the witnesses' statements rests upon the work product rule. Privilege is not involved. See, Sec. 491.060(3), V.A.M.S.

■ As to the right of the defendants to take the depositions of the witnesses whose statements have been denied them, for all that appears they may be had for the asking. For although the statements of the prospective witnesses are not discoverable, that immunity does not extend to the witnesses themselves or to the factual information within their knowledge, not priv-

---

1. Before the Rules of Civil Procedure of 1960 were adopted, a spirited debate was waged as to the scope of discovery to be permitted by them. This dialectic between two distinguished protagonists, Lon Hocker, Esquire and Orville W. Richardson, Esquire, (reported in 14 J. of Mo.Bar [1958], beginning at pps. 8, 44 and 118) resulted in at least one un-

qualified concurrence: Written statements taken from non-party witnesses by one party should be absolutely immune, as work product, from discovery by another party (l. c. 125). The penultimate sentence of Civil Rule 57.01(b) embodies such a provision "by express specific language". (Committee Note and Comment—1959).

**600**

ileged, which may be relevant to the subject matter of the pending damage suit. That information may be reached by deposition. Civil Rule 57.01(b). "We are committed to a theory of discovery which requires the disclosure of facts and things observed by one present at the scene of an occurrence". State ex rel. Missouri Public Service Company v. Elliott, supra, 434 S.W.2d p. 538; State ex rel. Uregas Service Co., Inc. v. Adams, 364 Mo. 389, 262 S.W.2d 9, 11; State ex rel. Miller's Mutual Fire Ins. Ass'n. v. Caruthers, 360 Mo. 8, 226 S.W.2d 711, 712. Therefore, whether one becomes a witness by sheer circumstance (as presumably was the case with those involved in the litigation of our concern) or by design, as when an expert or investigator is engaged to probe the cause of a casualty or examine the scene, in either case, "they are witnesses available to either party for obtaining information about (relevant) facts" within their knowledge and their deposition testimony concerning them may be taken. State ex rel. Missouri Public Service Company v. Elliott, supra, 434 S.W.2d p. 538. "'(P)ersons having knowledge of relevant facts' do not belong to any party." State ex rel. Pete Rhodes Supply Company v. Crain, supra, 373 S.W.2d p. 42.

Finally, respondent argues that even if the statements of the witnesses are immune from discovery, "(t)hat does not mean * * * that the facts known to the reporter are non-discoverable. He knows what the witnesses testified and he knows what they said * * *. It is thus apparent that the things that occurred in the Magistrate trial in the presence of the reporter are facts now known to him and they are not privileged". The essential shortcoming of that argument is its irrelevance. We are not here confronted with the question of defendants' right to have discovery from the reporter but from adverse parties.

Our preliminary rule in prohibition as to interrogatories 3, 4 and 5 is discharged. It is made absolute as to interrogatory 6.

All concur.