**STATE ex rel. Maurice Lee PITTS,
d/b/a Pitts Mobile Homes,
Relator,**

v.

**The Honorable William J. ROBERTS,
Circuit Judge, 27th Judicial
Circuit, Respondent.**

No. 75262.

Supreme Court of Missouri,
En Banc.

June 29, 1993.

Reconsideration and Rehearing
Denied Aug. 17, 1993.

Richard Paul Wacker, Springfield, for re-
lator.

Jeffrey L. Dawson, Stockton, for respon-
dent.

PRICE, Judge.

Relator Maurice Pitts, d/b/a Pitts Mobile
Homes (Pitts), asks this Court to make
permanent its writ of mandamus so that
plaintiffs' attorneys in the underlying ac-
tion will be required to provide copies of
statements taken from two of his employ-
ees. Pitts has also requested that we for-
bid the introduction of the employees'
statements into evidence at trial. The writ
is made absolute so as to require produc-
tion of the statements.

I

Plaintiffs in the underlying action seek property damages arising from a fire that destroyed their mobile home on August 16, 1986. They allege that the fire was caused by the home's water heater. Pitts sold the mobile home to plaintiffs and provided a replacement water heater. Pitts' employees, Willard Messman and Jimmie Bradshaw, installed the water heater prior to the fire. Plaintiffs filed suit against Pitts alleging negligent installation, breach of warranties and vicarious liability.[1]

Prior to the commencement of the suit, plaintiffs' counsel took the statements of Messman and Bradshaw, who were still employees of Pitts at that time. On June 28, 1991, Pitts served plaintiffs with interrogatories and a request for production of documents. Plaintiffs gave the following responses to the interrogatories and document requests:

*Interrogatory No. 3:* Have you, your attorneys, or has anyone on your behalf, obtained the name of any person who witnessed or claims to have witnessed the occurrence or has knowledge or claims to have knowledge of any facts or allegations alleged in your petition? If so, state the name and last known address of each and every such person.

*Answer:* Object to overly broad second phrase of interrogatory, but without waiver can say: Plaintiff saw flames coming from vicinity of water heater upon leaving mobile home. Service employees, Willard Messman and Jim Bradshaw, of defendant know about work on hot water heater. Jerry Cantrell knows of claim and loss. Osceola volunteer fire crew helped put out fire.

*Interrogatory No. 6:* Was a written or recorded statement taken from this Defendant, or any officer, agent, servant, or employee of this Defendant, by you or your attorneys or any agent on your behalf? If so,

(a) Please indicate who has possession of or access to said statement;

(b) Attach a copy of said statement so taken.

*Answer:* Defendant no, yes service employees.

(a) Palmer, Whittier, Ash & Kennard, Stockton, MO. [Plaintiffs' attorneys].

(b) Object, work product of lawyers.

*Request No. 7:* A copy of each and every statement taken from or given by Defendant or any of Defendant's agents concerning the allegedly defective water heater.

*Response to Request No. 7:* Object as work product.

On October 6, 1991, relator filed a motion for production of the statements taken from relator's employees and for production of the photographs of the fire and trailer. The trial court overruled the relator's motion for production of photographs as moot, an accommodation of this issue apparently having been reached. The court also overruled Pitts' request for production of his employees' statements. We have jurisdiction under article V, § 4 of the Missouri Constitution.

II

This case requires us to determine when employees of a business entity litigant also should be considered as the "party" in the action for purposes of Rule 56.01(b)(3) and Rule 4–4.2.[2] Rule 56.01(b)(3) entitles a "party" to a copy of his or her own statement as a matter of right. Rule 4–4.2 is a rule of professional responsibility that forbids an attorney from communicating about a lawsuit with a "party" the attorney knows to be represented by another attorney.

Whether an employee, past or present, is considered within the perimeters of the term "party" when the actual party litigant is an organization has been the source of confusion and considerable litigation. Un-

---

1. Plaintiffs also filed suit against the manufacturer of the water heater and the manufacturer of the thermostat.

2. The precise type of organizational litigant involved, whether it be corporation, partnership, not-for-profit, or even sole proprietorship as here, generally should not be important to the resolution of these issues.

like an individual party, an organization can act only through its employees, agents, et cetera. In a litigation context, this creates a dilemma as to how broadly the term "party" should be construed for issues such as attorney-client privilege, obtaining of witness' statements pursuant to Rule 56.03(b)(3), and determining when an adverse attorney is forbidden from witness contact without the consent of opposing counsel by Rule 4–4.2.[3] Suffice it to say the goal is to allow the organization such treatment regarding these issues as will practically protect its legal interests, without allowing the organization the ability to stonewall its adversary's attempts to investigate the facts and/or to deny the adversary the benefit of its work product.

## III

■ The most concise and helpful statement in this regard is found in the official comment to Rule 4–4.2. It provides:

In the case of an organization, this Rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having the managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization.

We adopt this comment and its three-category test for determining those persons within an organization who should be accorded protected status under Rule 4–4.2 and for determining those persons whose statements the organization may obtain as a matter of right pursuant to Rule 56.-01(b)(3). This test focuses neither upon a bright line hierarchical structure nor a

bright line temporal distinction regarding which employee shall be treated as a party, but instead sets out a functional approach designed to be sensitive to the practical considerations of the real world.

■ Willard Messman and Jimmie Bradshaw fall within the second category of this test. They were employed by relator and installed the replacement water heater. One of plaintiffs' contentions is the water heater was negligently installed and serviced thereby starting the fire in plaintiffs' home. As such, the acts or omissions of Messman and Bradshaw are the subject of plaintiffs' claim for liability on the part of Pitts. They are not merely fortuitous witnesses to an occurrence in which they were not involved and over which they had no control, responsibility or authority.

■ In this situation, the roles of Messman and Bradshaw were so central to the dispute and to Pitts' legal responsibilities that counsel for plaintiffs' should have treated them as the "party" for purposes of Rule 4–4.2 and should not have conducted ex parte interviews or taken their statements. Having taken their statements, however, he is required to turn them over to Pitts by Rule 56.01(b)(3).[4]

■ While Pitts also has requested that we prohibit the introduction of these statements into evidence, our original writ did not go so far, nor should it have. Mandamus will issue only where there is an unequivocal showing that the respondent has failed to perform a ministerial duty imposed by law. *State ex rel. Sikeston R–VI School Dist. v. Ashcroft,* 828 S.W.2d 372, 377 (Mo. banc 1992). The imposition of sanctions simply is not a ministerial duty imposed by law. It requires an exercise of discretion best left to the trial court. Fur-

---

**3.** For general discussion, *See, Upjohn Co. v. United States,* 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981); *State v. Flynn,* 363 Mo. 1065, 257 S.W.2d 69 (Mo. banc 1953); *Martin v. Lingle Refrigeration Co.,* 260 S.W.2d 562 (Mo. 1953); *State v. Ginn,* 374 S.W.2d 34 (Mo. banc 1964); Sinaiko, *Ex Parte Communication and the Corporate Adversary: A New Approach,* 66 N.Y.U.L.Rev. 1456 (1991); Stahl, *Ex Parte Interviews with Enterprise Employees: A Post–Upjohn*

*Analysis,* 44 Wash. & Lee, L.Rev. 1181 (1987); *Casenote, Attorney–Client Privilege and Work Product Doctrine–Application in the Corporate Context,* 28 Wayne L.Rev. 1577 (1982).

**4.** Pitts also argued that Messman should be considered to be a manager within the context of this case. Because both Bradshaw and Messman fall so clearly within the second category, this issue need not be determined.

203

ther, no evidence was presented to justify imposition of sanctions at this point, beyond the fact that ex parte contact occurred with individuals who should have been accorded protected "party" status. *See Amarin Plastics, Inc. v. Maryland Cup Corp.*, 116 F.R.D. 36, 39–40 (D.Mass. 1987).

Accordingly, we make our writ absolute so as to require production to Pitts of the statements plaintiffs took from his employees, Messman and Bradshaw.

All concur.