STATE of Missouri, ex rel. Paul W. HACKLER, Relator,

v.

Honorable Robert H. DIERKER, Jr., Presiding Judge of the Missouri Circuit Court for the Twenty–Second Judicial Circuit, Respondent.

No. 74296.

Missouri Court of Appeals,
Eastern District,
Writ Division Five.

Oct. 13, 1998.

Application for Transfer to Supreme Court
Denied March 4, 1999.

Application to Transfer Denied
April 27, 1999.

C. Marshall Friedman, Daniel J. Cohen, C. Marshall Friedman, P.C., St. Louis, for relator.

William A. Brasher, Larry E. Becker, Brasher Law Firm, L.C., St. Louis, for respondent.

JAMES R. DOWD, Presiding Judge.

Relator, Paul Hackler, seeks a writ of mandamus directing Respondent, the Honorable Robert H. Dierker, Jr., to vacate that portion of his Order of April 20, 1998 which requires Relator to answer interrogatories requesting the names of witnesses from whom statements have been obtained in the underlying action and to enter an Order sustaining Relator's objection to those interrogatories. Relator argues that this information constitutes intangible work product and thus is protected from discovery. We agree and order our preliminary writ heretofore issued be made absolute.

In the underlying case, Relator seeks to recover damages from Burlington Northern & Santa Fe Railway Company ("Burlington"), under the Federal Employer's Liability Act, 45 U.S.C. section 51 *et seq.*, for injuries incurred in the course and scope of his employment with Burlington. Burlington propounded written discovery in the form of Interrogatories and Requests for Production. Relator objected to, among other things, Interrogatory No. 26 on the ground that the requested information was protected by the work-product doctrine. Interrogatory No. 26 and Relator's response are as follows:

*Interrogatory No. 26:* State whether you or anyone acting on your behalf is in possession of or has obtained any written or recorded statements from anyone who witnessed the occurrences mentioned in Plaintiff's petition, or who has any knowledge concerning the incident or disabilities allegedly suffered by Plaintiff. With respect to each statement, provide the following information:

(a) The name of each person from whom a statement was taken;

(b) The name and address of the person presently having custody or control of each statement.

*Answer:* Plaintiff objects to providing statements of persons with whom Plaintiff's attorneys have discussed the matter involved in this lawsuit or from whom statements have been obtained. Any such statements have been obtained in anticipation of litigation, are intangible work-product, and privileged. Without waiving said objection, Plaintiff obtained no statements from Defendant, or from any employees of Defendant who (1) have authority to make admissions on behalf of Defendant, (2) have or had managerial authority for the conditions allegedly giving rise to Plaintiff's injuries, or (3) whose acts or omissions may be imputable to Defendant herein for purposes of civil liability.

Burlington filed a Motion to Compel and a hearing was held before Respondent. Interrogatory No. 26 is an Approved Pattern Interrogatory. Respondent apparently concluded that it did not call for disclosure of Relator's work product and thus was not protected by virtue of the ruling in *State ex rel. Atchison, Topeka & Santa Fe R.R. v. O'Malley,* 898 S.W.2d 550 (Mo. banc 1995). Accordingly, Respondent ordered Relator to respond to Interrogatory No. 26 within thirty days. Relator then sought this writ.

A writ of mandamus is the proper remedy for curing discovery rulings that exceed a court's jurisdiction. *State ex rel. Atchison, Topeka & Santa Fe R.R. v. O'Malley,* 888 S.W.2d 760, 761 (Mo.App. W.D.1994). The refusal to forbid the discovery of matters which are privileged or work product is an act outside the court's jurisdiction. *State ex*

*rel. Mueller v. Dixon,* 456 S.W.2d 594, 598 (Mo.App. W.D.1970).

■ Relator contends that Respondent's Order violates the Missouri Supreme Court's holding in *O'Malley.* The court in *O'Malley* found that to the extent that interrogatories seek any information regarding oral interviews of persons contacted, they seek information that is protected as intangible work product. Burlington concedes that under *O'Malley* intangible work product is absolutely protected and tangible work product is protected absent undue hardship. Burlington makes no claim of undue hardship. Rather, Burlington contends that it is entitled to this information because individuals from whom Relator has taken statements are Burlington's employees who can make admissions against Burlington and are thus considered parties. Consequently, Burlington argues, neither their statements nor identities are protected. *State ex rel. Pitts v. Roberts,* 857 S.W.2d 200 (Mo. banc 1993).

Interrogatory No. 26 clearly seeks the sort of information that *O'Malley* determined is protected and is therefore invalid. Interrogatory No. 26 is a pattern interrogatory issued pursuant to Rule 32.2.2 of the Twenty–Second Judicial Circuit. This interrogatory was adopted prior to the Missouri Supreme Court's ruling in *O'Malley* and should be amended to conform with the holding in that case. We make no decision as to whether Burlington is entitled to the information it seeks under *Pitts.* We simply find that Interrogatory No. 26 is not a valid means for doing so under Missouri law.

Accordingly, we order our preliminary writ of mandamus heretofore issued be made permanent. We direct Respondent to vacate that portion of his Order which requires Relator to answer interrogatories requesting the names of witnesses from whom statements have been obtained in the underlying action and enter an Order sustaining Relator's objection to those interrogatories.

RHODES RUSSELL and HOFF, JJ., concur.