HUDGINS
v.
GEORGIA SO. & FLA. RY. CO.

LOWRY
v.
GEORGIA SO. & FLA. RY. CO.

CHITTY
v.
GEORGIA SO. & FLA. RY. CO.

VAIL
v.
GEORGIA SO. & FLA. RY. CO.

SMITH
v.
GEORGIA SO. & FLA. RY. CO.

MEYER
v.
GEORGIA SO. & FLA. RY. CO.
Civ. A. Nos. 1061–1065, 1146.

United States District Court,
Middle District Georgia, Macon Division.
Aug. 3, 1954.

Albert P. Reichert and Anderson, Anderson, Walker & Reichert, Macon, Ga., Clay C. Rogers and Rogers, Field & Gentry, Kansas City, Mo., for plaintiffs.

Charles J. Bloch and Bloch, Hall, Groover & Hawkins, Macon, Ga., for defendant.

BOOTLE, District Judge.

These are actions to recover damages for injuries allegedly occasioned by the negligence of the defendant corporation in causing the train upon which plaintiffs were passengers to be brought to a "sudden, violent and unusual stop." Several interrogatories were propounded by the plaintiffs to the Railway Company under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The defendant then filed *objections to interrogatories* numbered 3 and 4.

Interrogatory No. 3 is as follows: "Did the train come to a sudden and violent stop, at the time and place referred to in Plaintiffs' complaints?" This question was propounded to the Railway Company and not to any particular one of its officers, agents, or employees. This question was objected to upon the ground that "it calls for a conclusion and opinion of the Defendant."

"Any party may serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, by any officer *or agent, who shall furnish such information as is available to the party.* * * *" Rule 33 of Federal Rules of Civil Procedure, 28 U.S.C.A., as amended December 27, 1946, effective March 19, 1948. The italicized portion of this part of Rule 33 was added by the 1946 amendment. The section formerly read " * * * by any officer thereof competent to testify in its behalf. * * *" This section prior to the amendment effective March 19, 1948, was construed by some courts to permit a corporation to avoid answering interrogatories if no officer was competent to testify of his own knowledge to the particular facts. Moore's Federal Practice, Volume 4, Section 33.07, and cases cited.

The District Court for the Nothern District of Ohio in the case of Hornung v. Eastern Auto. Forwarding Co., D.C., 11 F.R.D. 300, 301, in ruling on whether interrogatories were objectionable as directed to matters of which the defendant corporation was ignorant and calling for hearsay evidence, said that since the 1948 amendments, interrogatories served on a corporation must be answered by an officer or agent who shall furnish such information as is available. The Court stated, "A corporation cannot avoid answer by an allegation of ignorance, if it can obtain the information from sources under its control, although it may qualify its answers to show its source in order to avoid admission of something which it does not admit. 4 Moore Federal Practice 33.26."

In the case of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 392, 91 L.Ed. 451,

the Court said, " * * * either party may compel the other to disgorge whatever facts he has in his possession." The Court went further to point out, however, that "discovery, like all matters of procedure, has ultimate and necessary boundaries", holding specifically that the devices for discovery provided by the Federal Rules of Civil Procedure cannot "be used to inquire into materials collected by an adverse party's counsel in the course of preparation for possible litigation."

The question here is does Rule 33 contemplate that a corporate defendant can be required to reveal to a plaintiff an opinion it has formed after an investigation of the accident. Is a corporation to be required to conduct a poll of its employees in order to form an opinion as to whether this stop was "sudden and violent"? In the case of McCord v. Atlantic Coast Line R. Co., 5 Cir., 185 F.2d 603, the Court said that the corporation did not have to testify in response to interrogatories propounded under Rule 33 as to its information or opinion on matters relating to details of the collision. The questions suppressed and not required to be answered were in regard to distances, what the engineer saw and did, what the fireman saw and did, the speed of the train at numerous points, and many other details which only the train crew would know. The Court stated that if advance information was desired, the train crew could be interrogated by deposition.

█ █ In this case, there is nothing shown to prevent the acquisition of the information sought from the train's crew. The names of the members of the crew, if not already known by plaintiffs, could be obtained by interrogatory. Baker v. Yellow Cab Co. of Missouri, D.C., 12 F.R.D. 84. The interrogatory of plaintiffs numbered 3 relates to details of the occurrence complained of in this case, and such details are known only to the trainmen. The information sought are not facts within the corporation's knowledge and corporate answers would have to be mere hearsay and expressions of opinion. For these reasons, this interrogatory No. 3 is suppressed and need not be answered.

Interrogatory No. 4 is as follows: "State the reason why the train came to a stop at the time and place referred to in Plaintiff's complaints." This interrogatory is objected to by the defendant upon the ground that it calls for a conclusion or opinion of the defendant.

Reason is defined by Black's Law Dictionary, Third Edition, Page 1499, as being, "An inducement, motive, or ground for action as in the phrase 'reasons for an appeal.' "

█ Thus the plaintiffs are seeking to find the motive of defendant's agents in stopping the train at the time and place alleged. It would seem that if the Railroad Company in the McCord case, supra, would not be required to answer questions as to what the fireman and engineer did, it would necessarily follow that it would not be required to answer as to their motives or the "why" of their actions. These are also matters of which only the crew members would have knowledge. In the case of Landry v. O'Hara Vessels, Inc., D.C., 29 F.Supp. 423, 425, the injury complained of allegedly arose out of an unsafe or defective condition of machinery. The Court held that if it appeared from the answers to the other interrogatories that the plaintiff was working on the defective motor, he should state at whose request he was working on the motor but not "why," as this would "cover[s] too large a field."

Interrogatory No. 4 is also suppressed and need not be answered.