Lanira **REYNOLDS**, as widow and permanent administratrix of the Estate of Jack Wilton Reynolds, Jr., Deceased

v.

**SOUTHERN RAILWAY COMPANY.**

Civ. A. No. 11849.

United States District Court
N. D. Georgia,
Atlanta Division.

Nov. 29, 1968.

Paul R. Koehler, Raymond Alhadeff, Atlanta, Ga., for plaintiff.

Greene, Buckley, DeRieux, Moore & Jones, Atlanta, Ga., for Southern Ry.

Ross & Finch, Atlanta, Ga., for 3d-party defendant.

## ORDER

EDENFIELD, District Judge.

In this diversity action for wrongful death, brought by an administratrix, the plaintiff alleges negligent acts by Southern Railway Company leading to events causing the death of the deceased, wherein he was crushed between a railroad car and a retaining wall. Defendant now objects to certain of plaintiff's first interrogatories.

Looking generally to the gist of a number of defendant's objections, the court notes that defendant has grounded most of its objections in the defense that the disputed interrogatories call for defendant's opinions and conclusions of law. Before looking to the merits of such an objection in each instance, it should be stated at the outset that this court joins in the recent trend away from the broad use of that ground of objection. It is noted that some courts have abandoned the ground entirely.

See 4 Moore, Federal Practice ¶ 33.17 (p. 2359), citing numerous cases wherein a growing number of courts have adopted a more flexible approach, such as that of whether an answer would serve any substantial purpose. While not adopting that standard in the absolute, it would seem advisable to separate factual from legal conclusions, allowing the former, absent some compelling reason to the contrary. This is in the proper spirit of liberal discovery for the purpose of narrowing and clarifying issues.

■ Looking, then, to the issues here, plaintiff asks defendant to state whether they have the responsibility to maintain and preserve the retaining wall (No. 44), how many employees are required to run a train in such operations and what job must each man do (No. 57), what union or government rules direct how many men shall be present on such a job and as to the different types of jobs (No. 58), and a similar question as to the placing of operating signs along the track to be observed by such personnel (No. 91). Defendant's objections to these interrogatories are that the interrogatories are argumentative and call for opinions or conclusions of law, in varying combinations. Noting, first, that the contested interrogatories ask only for facts, the court cannot, in any event, conclude that an objection based upon an assertion that it calls for conclusions or opinions would be tenable. Moreover, any element of conclusion at all would concern facts alone and is therefore proper for discovery by interrogatory under a fair view of the standard as set out supra. Therefore, the listed interrogatories must be answered, and defendant's objections thereto are overruled.

■ Defendant objects further to interrogatories Nos. 22–28, which ask for such matter as the precise measurements of the retaining wall, its distance from the tracks, and various other such

measurements. It is a plain rule of discovery that a party will not be required to make available any compilation of data or research efforts that is equally available to the interrogating party. See 4 Moore, Federal Practice ¶ 33.20, n. 12, and cases cited therein. As to these interrogatories, defendant's objection is sustained.

■ Defendant's remaining objection is to interrogatories Nos. 71–80, which request the purpose of placing the train in a certain position, the names of persons assigned to certain duties as to the operation at the time of the accident, the names of employees who saw the accident, the events immediately surrounding the accident, and the names of all parties present and participating. Defendant correctly cites Hudgins v. Georgia So. & Fla. Ry. Co., 16 F.R.D. 243 (M.D.Ga., 1954), which stated:

"In this case, there is nothing shown to prevent the acquisition of the information sought from the train's crew. The names of the members of the crew, if not already known by plaintiffs, could be obtained by interrogatory. Baker v. Yellow Cab Co. of Missouri, D.C., 12 F.R.D. 84. The interrogatory of plaintiffs * * * relates to details of the occurrence complained of in this case, and such details are known only to the trainmen. The information sought are not facts within the corporation's knowledge and corporate answers would have to be mere hearsay and expressions of opinion. For these reasons, this interrogatory * * * is suppressed and need not be answered." 16 F.R.D. at 245.

So it shall be here, and defendant's objection to these interrogatories is sustained.

Accordingly, defendant's objections Nos. 1, 3, 4, 5, 6, and 8 are overruled, and objections Nos. 2 and 7 are sustained.