STATE of Missouri ex rel. Louise ALBERT, Relator,

v.

Honorable George P. ADAMS, Judge, Circuit Court, Warren County, Respondent.

No. 59304.

Supreme Court of Missouri, En Banc.

Sept. 13, 1976.

Richard M. Stout, Kirkwood, for relator.

Darryl L. Hicks, Warrenton, for respondent.

MORGAN, Judge.

In this original proceeding, Louise Albert (relator) seeks prohibition to restrain the trial court from granting a default judgment against her in an injunction suit in which she (and her husband since deceased) is a defendant.

In the underlying suit, Mr. and Mrs. Martin sued relator requesting an injunction to prevent trespass across their land [1] by relator. As defendant therein, relator in her answer admitted the use of a portion of plaintiffs' land described in their petition. Such use was based on a deed for a "private roadway" [2] to relator, from predecessors in title to the Martins' property, recorded December 24, 1952, in Book No. 86 at Pages 545 and 546 of the Warren County Recorder's Office. After pleading that the roadway provided the only means of ingress and egress to her land, relator prayed to be discharged with her costs.

During the injunction proceeding the Martins propounded interrogatories to relator and her objections thereto were overruled. Those now in issue, based on relator's claim to the easement, and the answers thereto are:

Interrogatory: "2. If the answer to Interrogatory No. 1 is in the affirmative, describe in detail the rights, titles or interests claimed by defendants."

Answer: "2. Own private road as conveyed by Quit-Claim Deed from plaintiffs' predecessors in title and others dated September 25, 1952 and recorded in Book No. 86, Pages 545 and 546, Warren County Records."

Interrogatory: "3. If the answer to Interrogatory No. 1 is in the affirmative, state the legal description of the part of said real estate in which defendants claim said rights, titles or interests."

Answer: "3. I am unable to state legal description other than as given in the aforesaid deed."

Interrogatory: "6. State whether defendants have entered upon or used any part of the real estate described in Paragraph 1 of Plaintiffs' Petition which lies in Section 3 thereof."

Answer: "6. I don't know."

Interrogatory: "8. State whether Defendants have entered upon or used any part of the real estate described in Paragraph 1 of Plaintiffs' Petition which lies in Section 2 thereof."

Answer: "8. I don't know."

Interrogatory: "11. State the legal description by metes and bounds, of the thirty foot strip of land described by deed dated September 24, 1952, and recorded December 24, 1952, in Book 546 of the Warren County Recorder's Office."

Answer: "11. Unable to do so. This defendant is not trained as a lawyer or surveyor and has no survey of the property available."

The Martins moved for judgment by default pursuant to Rule 61.01(a) and (b), alleging that relator's answers were evasive

1. The West half of Lot Two (2) of the Northwest quarter of Section Two (2), containing 49.31 acres; Also, part of the West half of Lot One (1) of the Northwest quarter of Section Two (2), containing 19.25 acres; Also, the East half of the Southwest quarter of the Northwest quarter of Section Two (2), containing 20 acres, more or less; Also, the East half of Lot Two (2) of the Northeast quarter of Section Three (3), containing 50.75 acres; Also, the East half of Lot One (1) of the Northeast quarter of Section (3), containing 40 acres; Also, the West half of Lots One (1) and Two (2) of the Northeast quarter and the East half of Lots One (1) and Two (2) of the Northwest quarter of Section Three (3), containing 179.24 acres; All in Township Forty-five (45) North, Range One (1) West and containing in the aggregate 358.29 acres, more or less.

2. A 30 foot strip of land for private roadway across grantors' lands in Section Two (2) and Three (3), Township Forty-five (45) North, Range One (1) West, leading from the county road to the land of parties of the second part. Said private roadway to be along the present roadway, as now located, and to be maintained by parties of the second part. Should said private roadway cease to be used, the ground shall revert to grantors or their assigns.

and incomplete. That rule provides in pertinent part that "(a) . . . an evasive or incomplete answer is to be treated as a failure to answer. (b) If a party fails to answer interrogatories . . . the court may . . . make such orders in regard to the failure as are just and among others the following: (1) . . . render a judgment by default against the disobedient party."

The respondent, trial judge, has indicated that he will sustain the motion and enter judgment accordingly.

Relator contends that the provisional rule in prohibition should be made absolute (1) because the truthfulness of her answers has not been controverted and the answer that she has no other information concerning a description of the land should therefore be taken as true, (2) because a party cannot be forced to employ an expert to answer interrogatories, (3) because the Martins have not made a preliminary showing under Rule 56.01(b)(3) that they have a substantial need of the materials (if any exist) in the preparation of their case and are unable without undue hardship to obtain the substantial equivalent of the materials by other means, (4) because the Martins have not followed Rule 56.01(b)(4) relating to discovery of an expert witness' opinion, because the interrogatories could not be answered by relator unless she employed a surveyor and therefore her answers were not evasive or incomplete and (6) because respondent cannot, without exceeding his jurisdiction, force relator to hire a surveyor in order to defend a lawsuit.

Respondent contends that the provisional rule should be quashed (1) because denial of relator's request for a writ of prohibition by the Court of Appeals, St. Louis District, constitutes a bar to the present suit, (2) because the extraordinary writ of prohibition is not available in this case since respondent would not be exceeding his authority by entering default judgment in the underlying injunction suit, (3) because respondent has not required that relator hire a surveyor but only that she give complete and unevasive answers to interrogatories

and (4) because relator has the burden of showing the location of the road which she claims by virtue of various affirmative defenses [i. e., ownership by deed and adverse possession].

All parties admit the ownership of the farm by the Martins and ownership by relator of the right-of-way easement. Whether or not there is a need for a more precise metes and bounds description of the latter quite obviously as the crux of the dispute, if in fact there is a legitimate controversy.

In this connection, relator submits that she had asked the Martins, prior to the time interrogatories were propounded to her, whether they knew of the existence of any charts, plats, diagrams, aerial photographs, surveys, maps or other like papers showing the road in question and they, by answer to the question submitted, had denied any knowledge of the existence of such; that, thereafter, relator had sought by request for admissions to secure agreement of the Martins that a United States Geological Survey aerial map made in 1948 and based upon aerial photographs taken in 1945 showed the property in question and the road; and that the Martins refused to acknowledge as much.

In response, the Martins submit that: "It should, also, be noted that [they] claim that any roadway existing in 1952 is *not* at the same location as any roadway that might presently be upon [Martins'] farm. The roadway has been changed because of gully washouts, farming operations, etc. Defendant complaints that she might be put to an expense in adequately answering the Interrogatories. The reply to this contention is simple. If she would abandon all claims to [Martins'] farm, she would then not not have to describe her interest. It is [relator] that is making a claim to [the Martins'] property and, therefore, is the one required to set forth that claim with enough definiteness that the same can be ascertained."

Unless we have missed the thrust of the underlying suit entirely, it would appear that its sole objective is to require relator to have the road surveyed that the result thereof would be available to the

plaintiffs (Martins). They admit the existence of the roadway and the existence of the easement in favor of relator to use the same. The need for a more precise description thereof is not revealed; but, even if we assume that one does exist, under the facts presented it is not for relator to provide the same under the sanctions of the discovery process.

The truthfulness of relator's answer that she does not have a survey is not controverted and we therefore will assume that it is true. *State ex rel. Mid-America Pipeline Company v. Rooney*, 399 S.W.2d 225, 227 (Mo.App.1965). The easement roadway is there for all to see, including the Martins. "Monuments, of course, are among the more important indicias of boundaries. They are classified into natural and artificial. Natural monuments are permanent objects found on the land as they were placed by nature. Artificial monuments are landmarks or signs erected by the hand of man. 11 C.J.S. Boundaries §§ 6 and 7, pages 546, 547. '[I]t is one of the settled rules of the law of boundaries that calls for courses and distances, quantity, etc., will, in case of a conflict, be controlled by, and yield to, one for a natural object or landmark or permanent artificial monument.' 12 Am.Jur.2d Boundaries, § 67, page 604; *Houska v. Frederick*, 447 S.W.2d 514, 518 (Mo.1969). A monument has been defined as being a 'fixed, visible object'. *Koch v. Gordon*, 231 Mo. 645, 133 S.W. 609, 610 (1910)." *Czarnecki v. Phillips Pipe Line Company*, 524 S.W.2d 153 (Mo.App.1975). Not only have the Martins failed to show a substantial need for the survey; but, most importantly, they have failed to show that they are unable without undue hardship to obtain the same themselves. Rule 56.-01(b)(3). We have not been cited to any authority where under a comparable state of facts sanctions in the discovery process were used to force a shift of such "expense" from one party to another. In fact, the law is otherwise and a party is to be shielded from unwarranted annoyance, expense or oppression. *State ex rel. Norfolk & Western Ry. Co. v. Dowd*, 448 S.W.2d 1, 3 (Mo. banc 1969). Rule 58.01 implies as much in

that it allows, in sub-para. (a)(2), a party seeking information to request permission to enter upon lands "for the purpose of inspection and . . . surveying . ." The comparable federal rule has been construed in the same manner. For instance, in *Onofrio v. American Beauty Macaroni Company*, 11 F.R.D. 181 (W.D.Mo.1951), the court said at 184: "A party interrogated may only answer matters of fact within his knowledge, and is not required to express opinions or to make research and compilation of data and information not readily known to him." Therein, the court also said that an adverse party should not be required to perform burdensome labors or execute expensive tasks. In *Reynolds v. Southern Railway Company*, 45 F.R.D. 526 (N.D.Georgia 1968), the interrogatory called for "precise measurements" of an area surrounding the scene of an accident, and the court said at 528: "It is a plain rule of discovery that a party will not be required to make available any compilation of data or research efforts that is equally available to the interrogating party. See 4 Moore, Federal Practice, ¶ 33.20, N. 12, and cases cited therein."

Finding relator's contentions to be meritorious, we consider respondent's (and Martins') arguments why prohibition should not issue and do so in the order presented as heretofore listed.

■■■ First, there is no merit whatever in the contention this court can not act because the court of appeals did not entertain a similar petition. There are many reasons why that court might have acted as it did. "A judgment denying a writ of prohibition without written opinion is not res adjudicata unless the sole possible ground of the denial was that the Court acted on the merits, or unless it affirmatively appears that such denial was intended to be on the merits." 63 Am.Jur.2d, Prohibition, § 51, p. 283.

■■■ Second, the argument that respondent trial judge would not be exceeding his authority by entering a default judgment is rejected under the factual situation

presented. Jurisdiction of the subject matter and the parties obviously is present; however, "[t]he function of the writ of prohibition is to restrict the judicial person to whom it is directed from acting or proceeding in some matter in which he has no jurisdiction, or acting so in excess of jurisdiction possessed that he may be said to be acting without jurisdiction." *State ex rel. McCubbin v. McMillian*, 349 S.W.2d 453, 457 (Mo.App.1961). A more recent consideration of the question, pertaining specifically to the discovery process, may be found in *State ex rel. Norfolk & Western Ry. Co. v. Dowd*, supra. Therein, this court emphasized its reluctance to interfere because: "We know from practical experience and observation that Missouri discovery practice has been, overall, of great benefit in advancing the prompt and evenhanded administration of justice and disposition of cases. Interrogatories have played an important part in this process * * * It is therefore to be expected that only in unusual circumstances will a circuit judge be found to have abused his discretion in this field to the point where he should be prohibited." (l. c. 4). We believe that such abuse is present in the instant case, and particularly so since not acting will allow a "result" not correctable in the regular course of an appeal if relator elects to have a trial and is one which probably would end the litigation.

Third, the argument that respondent has not required a survey but is ruling only on a motion is not tenable as it seems agreed that a "survey" description to be furnished by relator is her sole means of avoiding the entry of a default judgment.

Fourth, the suggestion that relator will have the burden of proof at trial and that she can not sustain the same absent a survey is no basis for the threatened sanction. From the relator's prayer in the underlying action it does not appear certain that she has any "burden" of proof. In any event, such a possibility does not authorize the Martins to dictate how she should prepare for trial. Knowledge of a fact and proof of the same are not one and the same.

The preliminary writ heretofore issued is made absolute.

All concur.